SOMMEB.VILLE, J.
Plaintiff, a longshoreman, while engaged in loading a vessel in the port of New Orleans, met with a serious accident, and he has §ued the defendant, his employer, in damages amounting to $31,000, or, in the alternative, for $4,160, under the Employers? Liability Act. The accident happened on December 29, 1917; and this suit was filed .September 26, 1918. The ease was within the admiralty jurisdiction.
On November 16, 1918, plaintiff entered into a compromise with the defendant on payment to him of $3,000 by the latter, and on November 22, he moved a discontinuance of his suit, as in ease of nonsuit. This was ordered.
On June 16, 1919, plaintiff filed a supplemental and amended petition in which he made Plant, the original defendant, and the Ocean Accident & Guaranty Corporation, Limited, parties defendant, claiming $14,050 for the same accident and injury. Plant, the main defendant, moved to vacate the order permitting the filing of the supplemental and amended petition in this proceeding. The co-defendant, the Ocean Accident & Guaranty Corporation, excepted to the petition on the ground that it disclosed no cause of action; and it pleaded the prescription of one year in bar of plaintiff’s claim.
[1] The rule filed by Plant was made absolute January 2, 1920, and the supplemental and amended petition was ordered stricken from the record in so far as he (Plant) was concerned.
The ruling was correct. A plaintiff, in any state of the suit previous to judgment being rendered, may discontinue the suit on paying costs, and, after discontinuing the suit, he may bring the action anew; but he has no right to ingraft it upon the former proceeding. C. P. arts. 491, 492.
[2] On July 3, 1919, the plaintiff caused a rule to be served upon the remaining defendant, the Ocean Accident & Guaranty Corporation, Limited, calling upon it to. produce a certain policy of insurance which he claimed had been issued by said defendant.
Plaintiff, Monvoisin, died October 16, 1919. On November 3, 1919, Mrs. Monvoisin, the mother of plaintiff, and his brothers and sister, made themselves parties to the litigation, and again asked for the production of the policy of insurance, and at the same time moved that judgment be entered against the insurance company in double the amount claimed in the former petition. This motion or rule appears to be based upon the allegation that the defendant company had confessed liability. But there is no confession in the record..
Tho defendant company excepted to the supplemental and amended petition on several grounds. One of them was that plaintiff had died, and that his mother, brothers, and sister had been made parties plaintiffs in his stead, and that, as defendant had never been a party to the original suit of William Monvoisin v. George Plant, and that the suggestions or reasons alleged by plaintiffs in rule were confused, vague, and contradictory, and that they were not substantiated or borne out by the pleadings, it asked that the exceptions be maintained and the rule be discharged.
January 2, 1920, the exceptions were sustained, and the rule was discharged.
On November 6, 1919, plaintiffs filed a second supplemental petition claiming $9,600 *467 against both defendants, being double the compensation provided for in the Compensation Act of the state, because of the death of Monvoisin. The defendant corporation, after reserving the exceptions and plea of prescription filed to the first amended or supplemental petition, and to the rule taken in the case, excepted on the ground that the petition did not recite, set forth, or disclose a right or cause of action, and furtheri pleaded the prescription of one year.
This exception was maintained January 2, 1920, and the suit was dismissed.
If the death of Monvoisin on October 16, 1919, was caused by the accident which befell him on September 29, 1917, the Compensation Act does not give a right of action to his survivors, as the death did not occur within one year from the date of the acei•dent. The judgment dismissing plaintiff’s second amended and supplemental petition was correct.
Affirmed.