No. 2306

Second Circuit Appeal

MRS. MATTIE PORTER CONNELL v UNITED STATES SHEET AND WINDOW GLASS COMPANY

(June 27, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Master and Servant—Par. 154, 160 (g).

In the Workmen's Compensation Act No. 20 of 1914, there is no conflict between Section 31 which is a statute of prescription barring rights of action created by other sections of the law and Section 8, Subsection 2 which is merely one of the rights of action created by the act. If the injured employee dies more than a year after the accident, Section 31 has no application because the right of action never existed.

2. Louisiana Digest—Master and Servant—Par. 154, 160 (i), 160 (g); Pleading—Par. 62.

An exception no cause of action is properly sustained against petition in which the widow of an employee who had been injured suing under Section 8, Subsection 2 of the Workmen's Compensation Act No. 20 of 1914 alleges that her husband died more than one year after the accident.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

This is a suit by a widow to recover compensation under the Workmen's Compensation Act No. 20 of 1914, for the death of her husband, who had been injured. Defendant filed an exception no cause of

action which was sustained. Plaintiff appealed.

Judgment affirmed.

Julius T. Long, of Shreveport, attorney for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson, attorneys for defendant, appellee.

ODOM, J.    The plaintiff is the widow of Patrick H. Connell.

She alleges that her deceased husband while employed by and working for the defendant company fell and injured himself on February 10, 1923, and that as a result of such injury he died on May 19, 1924.

She asked for compensation under Section 8 of Paragraph 2 of the Workmen's Compensation Act.

An exception of no cause and no right of action was tendered by defendant, grounded on the proposition that plaintiff's petition shows that her husband died more than one year after the accident.

This exception was sustained by the court below and plaintiff's suit dismissed. She has appealed.

## OPINION

Our learned brother of the District Court sustained the exception of no cause and no right of action and we find in the record his opinion which we adopt and quote in full as follows:

"This is a suit under the Compensation Law, brought by the widow of injured employee to recover for the death of her husband, who it is alleged was injured during the course of his employment. The accident causing the death happened more than a year prior to the death. Less than a year elapsed from the time of death to the bringing of this suit.

"The defendant has filed an exception of no cause of action which means that in a case where death occurs more than a year after the accident no right of action is granted to the widow for such death.

"The case involves an interpretation of Paragraph 2 of Section 8 on the Compensation Law reading:

" 'That for injury causing death within one year after the accident weekly compensation shall be paid under this Act for a period of three hundred weeks to the following persons:'

"And Section 31 reading

" 'That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the injury or death, the parties shall have agreed upon the payments to be made under this Act, or unless within one year after the injury proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however, such payments have been made in any case, such limitations shall not take effect until the expiration of one year from the time of making the last payment.'

"It is easily seen that the two quoted clauses have entirely different and distinct purposes in view. The last clause is purely a prescriptive period for the bringing of the suit or making the settlement. It is not the granting of a right of action under the law, but is a prescriptive period on the right of action granted in other sections. Under this section prescription begins to run in case of injury, not from the date of accident but from the date the injury becomes manifest.

"Guderian vs. Sterling Sugar & Ry. Co., 151 La. 59, 91 South. 546.

"In the first quoted section the law grants a right of action to the widow only in case the death results from the accident within one year. If death results within one year after the accident, then a right of action is created in favor of the widow, and under Section 31 this right of action, thus created under Paragraph 2 of Section 8 survives for a period of one year from the date of death, after which it becomes barred. If death results from the accident more than one year after the date of the accident, then no right of action is ever created under the law, and the widow has none.

"Under this section the injury is to the widow, and not to the deceased. It is the death that created the right of action in the widow, and not the accident itself, although the death must be caused by the accident. It is purely a statutory right

of action, and a conditional one at that, and the condition is that the death must occur within one year from the date of the accident. Unless that condition is fulfilled within the terms of the statute no right of action exists.

"We do not think there is any conflict at all between the two quoted clauses. Section 31 is a statute of prescription barring rights of action created by other sections of the law. Paragraph 2 of Section 8 is merely one of the rights of action created by the Act, and when it comes into being it likewise becomes barred under the terms of Section 31. If death occurs within one year from the date of the accident, then this right of action, thus created, becomes barred within one year from the date of death. If it never comes into existence by reason of death occurring more than one year from the date of the accident, then Section 31 has no application, for there is then no right of action to become barred."

See Monvoisin vs. Plant, 147 La. 464, 85 South. 206.

The judgment appealed from is correct and is therefore affirmed.