### DOVE v. STANOLIND OIL & GAS CO.
### No. 4850.

Court of Appeal of Louisiana.
Second Circuit.
June 29, 1934.

Rehearing Denied July 16, 1934.

H. B. Lingle and Harry V. Booth, both of Shreveport, for appellant.

D. C. Scarborough, Jr., of Shreveport, and T. W. Arrington, of Tulsa, Okl., for appellee.

MILLS, Judge.

Plaintiff, for herself and on behalf of her minor children, is suing the Stanolind Oil & Gas Company of Tulsa, Okl., successor to the Dixie Oil Company, for 300 weeks' compensation, as dependents of the husband and father, Archie C. Dove.

The petition recites that on January 2, 1930, deceased suffered an accidental injury while working on an oil well for the Dixie Oil Company which eventually, on June 23, 1933, caused his death; that he was voluntarily paid weekly compensation to the date of his death; that petitioners, his dependents, are entitled under the provisions of Act No. 20 of 1914, as amended, to compensation for 300 weeks less the amount already paid deceased, and to $250 as funeral expenses.

Defendant interposes an exception of no right or cause of action based upon the fact set out in the petition that plaintiff's husband died more than a year after the happening of the alleged accident. Plaintiff is appealing from a judgment of the lower court sustaining this exception.

Subsection 2, section 8, of the act (as amended by Act No. 242 of 1928), reads:

"For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided, for a period of three hundred weeks."

It would seem that the cause of action allowed the dependents is too plainly limited to cases where the injury causes death within one year of the accident to permit of dispute. It was so held in Monvoisin v. Plant, 147 La. 464, 85 So. 206, 207, in which the court said:

"If the death of Monvoisin on October 16, 1919, was caused by the accident which befell him on September 29, 1917, the Compensation Act does not give a right of action to his survivors, as the death did not occur within one year from the date of the accident."

But plaintiff contends that the last part of

section 31 of the act (as amended by Act No. 85 of 1926, p. 126), which reads:

"That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death of (sic) the parties shall have agreed upon the payments to be made under this Act or unless within one year after the accident, proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."

—is intended to enlarge subsection 2 of section 8 so as to confer upon dependents a cause of action, even where death occurs more than a year after accident, if payments have been made and the death occurs within one year from the time of making the last payment.

This contention is completely disposed of by the decision in the case of Mrs. M. P. Connell v. U. S. Sheet & Window Glass Co., 2 La. App. 104, wherein it is squarely held:

"If death occurs within one year from the date of the accident, then this right of action, thus created, becomes barred within one year from the date of death. If it never comes into existence by reason of death occurring more than one year from the date of the accident, then Section 31 has no application, for there is then no right of action to become barred."

In other words, subsection 2 of section 8 grants the right, while section 31 fixes the period, within which it must be exercised.

Hoy v. Grayson Lbr. Co., 15 La. App. 176, 130 So. 651, is not in point, as in that case the employee died within a year of the accident.

In view of the plain provisions of the act and the cases cited, the judgment of the lower court is correct and is affirmed.