## LEWIS v. TEXAS CO. et al.
### No. 5260.

Court of Appeal of Louisiana.
Second Circuit.

June 26, 1936.

Julius T. Long, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellees.

DREW, Judge.

This is a suit under the Workmen's Compensation Act (Act No. 20 of 1914, as amended) in which the lower court sustained an exception of no cause or right of action, and plaintiff has perfected an appeal here.

Plaintiff alleges that her husband, while working for the defendant, received certain injuries on account of which he was due by defendants weekly amounts under the Workmen's Compensation Act, and which

were paid to him from the date of his injury, October 23, 1933, to the date of his death, May 11, 1935, and that since his death, defendants have refused to pay her, his widow, the amount due her per week for the remainder of the 300 weeks, and have also refused to pay $150 due on his funeral and burial expenses.

The defendants' exception is based upon the contention that since the death did not take place within a year after the accident, the right to sue for same had prescribed.

It is the contention of plaintiff that since payments were made by defendant up to May 11, 1935, section 31 of Act No. 29 of 1934 (page 188), which amends section 31 of Act No. 85 of 1926 (page 124), which likewise amended Act No. 20 of 1914, gave her one year after the last payment was made within which to file suit.

Section 31 of Act No. 20 of 1914 was amended by Act No. 85 of 1926 (page 124) to read as follows:

"That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death of the parties shall [sic] have agreed upon the payments to be made under this act or unless within one year after the accident, proceedings have been begun as provided in Sections 17 and 18 of this act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."

In the case of Dove v. Stanolind Oil & Gas Company, 156 So. 39, we had occasion to pass upon the identical question presented here, and in which case we said:

"Subsection 2, section 8, of the act (as amended by Act No. 242 of 1928), reads:

" 'For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided, for a period of three hundred weeks.'

"It would seem that the cause of action allowed the dependents is too plainly limited to cases where the injury causes death within one year of the accident to permit of dispute. It was so held in Monvoisin v. Plant, 147 La. 464, 85 So. 206, 207, in which the court said:

" 'If the death of Monvoisin on October 16, 1919, was caused by the accident which befell him on September 29, 1917, the Compensation Act does not give a right of action to his survivors, as the death did not occur within one year from the date of the accident.'

"But plaintiff contends that the last part of section 31 of the act (as amended by Act No. 85 of 1926, p. 126), which reads:

" 'That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death of (sic) the parties shall have agreed upon the payments to be made under this Act or unless within one year after the accident, proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment,'

"—is intended to enlarge subsection 2 of section 8 so as to confer upon dependents a cause of action, even where death occurs more than a year after accident, if payments have been made and the death occurs within one year from the time of making the last payment.

"This contention is completely disposed of by the decision in the case of Mrs. M. P. Connell v. U. S. Sheet & Window Glass Co., 2 La.App. 104, wherein it is squarely held:

" 'If death occurs within one year from the date of the accident, then this right of action, thus created, becomes barred within one year from the date of death. If it never comes into existence by reason of death occurring more than one year from the date of the accident, then Section 31 has no application, for there is then no right of action to become barred.'

"In other words, subsection 2 of section 8 grants the right, while section 31 fixes the period within which it must be exercised.

"Hoy v. Grayson Lumber Company, 15 La.App. 176, 130 So. 651, is not in point, as in that case the employee died within a year of the accident."

We now find no reason to change the views expressed in that case, unless Act No. 29 of 1934, which amends section 31 of Act No. 85 of 1926 (page 124), gives plaintiff the right she claims in this suit. Section 31 of Act No. 29 of 1934 (page 188) is identically the same as section 31 of Act

No. 85 of 1926 (page 124), with the following added:

"Also, where the injury does not result at the time of, or develop immediately after the accident, the limitations shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the said proceedings have been begun within two years from the date of the accident."

It is clear that this added clause in no way deals with a right of action arising from death occurring more than one year after the date of an accident, even though the death was caused by the accident; and it does not in any way amend or destroy subsection 2, § 8, of Act No. 242 of 1928 (page 357), which limits the right of action for death under the compensation act to those deaths occurring less than one year after the accident. This added clause only deals with the right to sue for an injury caused by an accident when the injury did not develop immediately after the accident, such as an eye injury, which did not cause loss of the eye until a month after the accident. Death must occur within one year's time after the accident to give a cause of action to the dependents of the employee who dies.

The judgment of the lower court is correct and is affirmed, with costs.