177 So.2d 613 (1965)
Cecilia Jean HAWKINS, Individually and as Natural Tutrix and Administratrix of Her Minor Children, Plaintiff and Appellant,
v.
EMPLOYERS CASUALTY COMPANY et al., Defendants and Appellees.
No. 1474.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1965.
Rehearing Denied August 24, 1965.
*614 Guillory, Guillory & Guillory, by Aaron F. McGee and Robert K. Guillory, Eunice, for plaintiff-appellant.
Mouton, Champagne & Colomb, by Welton P. Mouton, Lafayette, for defendants-appellees.
Before TATE, CULPEPPER and HOOD, JJ.
HOOD, Judge.
This suit was instituted by Mrs. Cecilia Jean Hawkins, appearing individually and as natural tutrix for her minor children, against E. H. Reeder Construction Company, Inc., and the latter's compensation and liability insurer, Employers Casualty Company. Plaintiff seeks primarily to recover damages under Civil Code Article 2315 for the death of her husband, Iara Hawkins, and alternatively, she seeks to recover death benefits under the provisions of the Louisiana Workmen's Compensation Act.
Defendants filed an exception of no right of action, an exception of prescription of one year as provided in Article 2315 of the Civil Code, and an exception of prescription of one and two years as provided in the Louisiana Workmen's Compensation Act. After a hearing, judgment was rendered by the trial court sustaining all of those exceptions and dismissing plaintiff's suit. Plaintiff has appealed.
Plaintiff alleges that her husband sustained serious injuries in an accident which occurred on November 28, 1960, while he was working for the defendant construction company, and that he died as a result of those injuries on June 5, 1964. According to the allegations contained in the petition, therefore, plaintiff's husband died about three years and six months after the date of the accident. Plaintiff asserts in argument, although there are no allegations to that effect in the petition, that her husband was disabled from the date of the accident until his death, and that he was paid workmen's compensation benefits during that entire period of time. Defendants do not dispute that assertion, and we assume for the purpose of disposing of the exceptions pending here that such payments were made.
Plaintiff acknowledges, for the purpose of her principal demand, that she is not entitled to recover death benefits under the workmen's compensation law, because LSA-R.S. 23:1231 provides that such benefits *615 are payable only when death occurs within two years after the accident, and in this instance more than two years elapsed between the date of the accident and her husband's death. She maintains, however, that since she no rights or remedies under the Workmen's Compensation Act for her husband's death, then that act has no application here, LSA-R.S. 23:1032 relating to the exclusiveness of the remedies therein provided does not apply, and she and her children thus have the right to maintain an action for damages under Civil Code Article 2315 against her husband's employer.
Defendants contend that the injury sustained by plaintiff's husband in 1960, and which allegedly resulted in his death, was an injury for which he was entitled to compensation under the Workmen's Compensation Act, and that under the specific provisions of LSA-R.S. 23:1032 the rights and remedies provided in that act are exclusive of all other rights and remedies, not only for the employee but also for his dependents and relations. They maintain that since plaintiff has no right of action against the employer for her husband's death other than that which may be granted to her by the Workmen's Compensation Act, and since that act provides no right or remedy for her under the circumstances presented here, the trial judge correctly sustained the exception of no right of action filed by the defendants and dismissed plaintiff's suit.
Section 1231 of the Workmen's Compensation Act (LSA-R.S. 23:1231), which relates to the payment of death benefits, provides in part that:

"For injury causing death within two years after the accident there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided, for a period of four hundred weeks * * *" (LSA-R.S. 23:1231) (emphasis added).
Since the death of plaintiff's husband occurred more than two years after the accident, it appears from the clear wording of the above quoted section of the Workmen's Compensation Act that plaintiff is not entitled to recover death benefits under that act. See Monvoisin v. Plant, 147 La. 464, 85 So. 206; Dove v. Stanolind Oil & Gas Company, La.App. 2 Cir., 156 So. 39; Ford v. Louisiana & A. Ry. Co., La.App. 2 Cir., 196 So. 403; Lewis v. Texas Company et al., La.App. 2 Cir., 169 So. 181; and Connell v. U. S. Sheet & Window Glass Co., La.App. 2 Cir., 2 La.App. 104.
LSA-R.S. 23:1032, relating to the exclusiveness of the remedies provided in the compensation law, contains the following provision:
"The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations." (Emphasis added.)
Defendants rely on the above quoted statutory provision in asserting that plaintiff has no rights or remedies against defendants other than those which may be provided in the Workmen's Compensation Act. They argue that in view of the provisions of this section of the compensation law plaintiff does not have a right of action for damages under Article 2315 of the Civil Code. Plaintiff contends, however, that since she has no remedy under that act her right to recover for her husband's death is not "on account of a personal injury for which he (or she) is entitled to compensation," and thus that LSA-R.S. 23:1032 has no application. She argues that the compensation act is not intended to be exclusive in cases where the claimant has no right or remedy to recover under that act, but that "the Act is intended to be exclusive only in those cases where the surviving *616 widow and children are granted rights and remedies under the Act."
We think plaintiff's argument was answered by our Supreme Court in Atchison v. May, 201 La. 1003, 10 So.2d 785. In that case an employee was injured at work and he died thirteen hours later as a result of that injury. The decedent's brother and sister instituted suit against the employer for damages under Article 2315 of the Civil Code. The plaintiffs in that suit were the sole surviving heirs of the decedent, but neither was dependent upon him for support at the time of the accident and death. The plaintiffs contended in that case, as does plaintiff in this suit, that since they were afforded no right or remedy under the Workmen's Compensation Act, they were entitled to maintain an action for damages under Article 2315 of the Civil Code. The court held that the plaintiffs did not have a right of action in tort, that they were relegated exclusively to the rights or remedies provided by the Workmen's Compensation Act, and that since that act provided no recourse for them their suit was properly dismissed. In so holding, the court said:
"The intention of the Legislature is demonstrated by the clear language employed by it in the above-quoted sections of the act and this court has experienced but little difficulty in resolving that a contract of employment to do hazardous work is governed exclusively by the provisions of the compensation law, not only with respect to the right and remedy of the employee himself, but as to all persons designated as beneficiaries by Article 2315 of the Civil Code, as amended, having a right or cause of action to recover for death by wrongful act * * *"
* * * * * *
"* * * the provisions of the Employers' Liability Act make it clear that the contract between the employer and employee is not only binding upon the employee and his dependents, but also upon `his personal representatives, * * relations, or otherwise, * * *.'"
* * * * * *
"* * * The mere fact that it so happens that the deceased employee in this case left no dependents cannot have the effect of providing a right of action in the plaintiffs under Article 2315 of the Civil Code, when that right had been superseded and abated by the provisions of the Employers' Liability Act." (Emphasis added.)
Some of the other cases in which this principle of law has been applied are: Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381; Labourdette v. Doullut & Williams Shipbuilding Co., Inc., 156 La. 412, 100 So. 547; and Brooks v. American Mutual Liability Ins. Co. et al., La.App. 1 Cir., 7 So.2d 658. Each of these cases involved actions for damages against the employer for the death of an employee who was killed in a work-connected accident. The Colorado and Brooks cases were instituted by the surviving widow of the decedent, and the plaintiff in the Labourdette case was the father of the decedent. In each case the court held that the remedy of the plaintiff was governed exclusively by the Workmen's Compensation Act, and that the plaintiff had no right of action for damages under Article 2315 of the Civil Code. In the Colorado case our Supreme Court, in commenting upon the Employers' Liability Act, said:
"Said act, by its plain and express terms, does make the remedy which it provides exclusive in a case like the present; it therefore does apply to this case, and does supersede article 2315 of the Code * * *"
And in the Brooks case our brothers of the First Circuit Court of Appeal stated:
"It has been held so frequently that the remedies under the compensation act are exclusive in those cases governed by the act that we deem it unnecessary to cite further authority * * *"
Professor Wex Malone, in his excellent work, Louisiana Workmen's Compensation *617 Law & Practice, also observes that "Our courts have held the compensation provided for a dependent member of the family is all that the dependent can recover upon the death of the worker," and that "The Louisiana Supreme Court has held that the tort rights of a non-dependent relative are extinguished by the Compensation Act even though there was no dependent relative to claim compensation." See Malone, Louisiana Workmen's Compensation Law & Practice, Sec. 363, p. 468. The principal authority cited by Professor Malone for this last observation is the case of Atchison v. May, supra.
We recognize that in Atchison v. May the plaintiffs had no right to recover under the compensation law because they were not dependent on the deceased employee, while in the instant suit the plaintiff had no right to recover because the death occurred more than two years after the accident. In our opinion, however, the reason why plaintiff in each case had no recourse under the compensation law is immaterial. In each instance the injury was compensable, but the plaintiffs were granted no rights or remedies under the compensation act. We think the rule applied in the Atchison case is applicable here, and thus that the plaintiff in the instant suit is relegated exclusively to such rights or remedies, if any, which may be granted by the compensation act.
Plaintiff, however, refers us to three cases in each of which the plaintiff was permitted to maintain an action in tort against his employer. These cases are Boyer v. Crescent City Paper Box Factory, Inc., 143 La. 368, 78 So. 596; Faulkner v. Milner-Fuller, Inc., La.App. 2 Cir., 154 So. 507; and Clark v. Southern Kraft Corp., La.App. 2 Cir., 200 So. 489.
In the Boyer case the plaintiff was seriously disfigured when her hair became entangled in machinery at the place of her employment, but she apparently was not disabled as a result of the accident. In the Faulkner and Clark cases the plaintiffs became disabled as the result of occupational diseases, which had developed gradually over an extended period of time. In each case the court determined that the plaintiff could maintain an action for damages against his employer, because his claim was not embraced within the terms of or governed by the Employers' Liability Act. All three of these cases were considered and discussed by the Supreme Court in Atchison v. May, supra, and in distinguishing them from the Atchison case the court said:
"The decisions in the Boyer, Faulkner and Clark cases are not in discord with the conclusion we have reached in this matter. The distinction between those cases and this one is obvious. The former are predicated solely on the theory that, since the compensation law does not provide coverage for the particular injuries sustained by the plaintiff and since the contract between the employer and employee covered injuries compensable under the Employers' Liability Act only, the employee did not waive his right to sue under the general law for such injuries. On the other hand, in the instant case, there can be no doubt that the injuries which caused the employee's death were due to an `accident' as defined by the Employers' Liability Act and that, if he had lived, he would have been entitled to receive from the defendant compensation for his injuries, and, if he had been survived by any one dependent upon him for support, that person would be entitled to the benefit of the compensation payable for his death * * *".
The Boyer, Faulkner and Clark cases are not applicable here for the same reason that they were not applicable in the Atchison case. In the instant suit, unlike any of the three cited cases, the alleged accident was clearly covered by the Workmen's Compensation Act, and the injured employee not only was entitled to compensation benefits because of the injuries he sustained, but he actually received weekly compensation benefits *618 from the date of the accident until his death about three and one-half years later.
Plaintiff argues that the interpretation placed on LSA-R.S. 23:1032 by the trial court has the effect of denying plaintiff a remedy for the redress of wrongs which she has suffered, in violation of the provisions of Section 6, Article I, of the Louisiana Constitution, and of depriving plaintiff of her property (a cause of action) without due process of law, as guaranteed by the Fourteenth Amendment to the Federal Constitution.
The same contention was made by the plaintiff in Colorado v. Johnson Iron Works, supra, but the court disposed of that argument contrary to the position taken by plaintiff here. In that case the Supreme Court said:
"* * * As to its depriving plaintiff of property without due process of law, it does nothing of the kind, for two reasons: First, because formerly the right to sue for the death of a human being, which is the right plaintiff is seeking to exercise, did not exist in this state, but was given by statute, and, of course, the Legislature may repeal a statute enacted by itself, or supersede it by another statute; second, because the regulation of what recourse one person may have against another for personal injury is a matter entirely within legislative discretion."
The same argument also was made by plaintiffs and was rejected by the Supreme Court in Atchison v. May, supra. In doing so, the court cited and quoted from the Colorado case.
In Williams, et al v. Blodgett Construction Co., 146 La. 841, 84 So. 115, the Supreme Court quoted with approval the following language which it had used in prior cases:
"`We have heretofore considered, and have reconsidered the question several times, whether section 34 of Act No. 20 of 1914 (now LSA-R.S. 23:1032) is violative of article 6 of the state Constitution; and we adhere to our ruling that the law is not invalid in that respect * * *'"
And with reference to this issue, Professor Wex Malone also comments:
"* * * The objection that the above provision is a denial of due process of law as against nonconsenting third persons has been effectively answered. The right to tort damages for wrongful death did not exist at common law or in Louisiana until it was conferred by statute. Since it is a creature of the legislature, it is subject to legislative repeal." (Malone, Louisiana Workmen's Compensation Law & Practice, Sec. 363, p. 468.)
These authorities convince us that no constitutional rights of the plaintiff have been violated by the judgment which was rendered by the trial court. We conclude that since the injury which was sustained by plaintiff's husband in 1960 was one for which he was entitled to compensation under the Workmen's Compensation Act, and since his death allegedly occurred as a result of that injury, the compensation remedy is exclusive of all other rights and remedies of plaintiff or her children as against the employer. The trial judge, therefore, correctly held that the plaintiff in the instant suit does not have a right of action for damages under the provisions of Article 2315 of the Civil Code.
In view of our conclusion that plaintiff does not have a right of action in tort against defendants, it is not necessary for us to consider the exception of prescription of one year, as provided in Civil Code Article 2315, which was filed by defendants.
We turn now to plaintiff's alternative demand that she is entitled to recover death benefits under the Workmen's Compensation Act. In support of this demand she argues that the running of the two year period of limitation, which is set out in LSA-R.S. 23:1231, *619 was interrupted by the payment of compensation benefits to plaintiff's husband prior to his death. Our attention has been directed to LSA-R.S. 23:1209, which reads, in part, as follows:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment." (Emphasis added.)
This argument was made by the plaintiff in the case of Dove v. Stanolind Oil & Gas Company, supra, where the employee was injured in 1930 and died as a result of those injuries in 1933. Weekly compensation benefits were paid to him from the date of the accident until his death. The decedent's widow instituted an action for death benefits under the compensation act, and the contention was made that the payment of compensation benefits interrupted or extended the one year period (now two years) provided by Subsection 2, Section 8, of the Workmen's Compensation Act (now LSA-R.S. 23:1231). The Second Circuit Court of Appeal held that the payment of compensation benefits did not have the effect of extending the one year period of time provided in Subsection 2 of Section 8 of the act, relating to death benefits, and that plaintiff did not have a right of action for such benefits.
The same argument was made in Connell v. United States Sheet and Window Glass Co., La.App. 2 Cir., 2 La.App. 104, where the employee died more than a year after the accident occurred and compensation benefits had been paid to him until the time of his death. In rejecting the arguments of the decedent's widow that the running of the one year period provided in Subsection 2 of Section 8 of the act was interrupted by the payment of compensation benefits, the court said:
"`We do not think there is any conflict at all between the two quoted clauses. Section 31 is a statute of prescription barring rights of action created by other sections of the law. Paragraph 2 of Section 8 is merely one of the rights of action created by the Act, and when it comes into being it likewise becomes barred under the terms of Section 31. If death occurs within one year from the date of the accident, then this right of action, thus created, becomes barred within one year from the date of death. If it never comes into existence by reason of death occurring more than one year from the date of the accident, then Section 31 has no application, for there is then no right of action to become barred.'"
And in Lewis v. Texas Company, et al, supra, where this argument also was made, the court said:
"* * * Death must occur within one year's time after the accident to give a cause of action to the dependents of the employee who dies."
Our conclusion in the instant suit is that the payment of compensation benefits to plaintiff's husband prior to his death did not have the effect of interrupting the running of the two year period provided in LSA-R.S. 23:1231. Plaintiff, therefore, does not have a right of action to recover death benefits under the Workmen's Compensation Act, since the death of her husband did not occur within two years after the accident. See also Ford v. Louisiana & A. Ry. Co., supra.
Finally, plaintiff contends that she is entitled to recover against the defendants because of certain provisions of the insurance policy which the defendant insurer *620 issued to the employer. The insurance policy is not in the record, and there are no allegations in the pleadings as to what provisions are contained in that policy. Counsel sets out in his brief, however, that under "Coverage B" of the "standard form policy," the insurer obligates itself:
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto."
It is argued that since plaintiff is not entitled to benefits under the Workmen's Compensation Act, she and her children "must clearly be entitled to a cause of action for the damages they have incurred as a result of the employer's negligence and which negligence is insured against and which damages resulting therefrom are indemnified by Coverage B of the standard form Workmen's Compensation and employer's liability insurance policy." It is argued that the Legislature obviously has contemplated the possibility that an employer would be liable under circumstances such as this, since it has protected the employer by requiring that "Coverage B" be included in standard policies of this type.
We find no merit to that argument. We have already concluded that the insured employer is not legally obligated to pay damages or compensation benefits to plaintiff under the facts and circumstances alleged in the instant suit. The fact that the standard form of insurance policy may provide coverage and protection for the employer in the event the employer is condemned to pay damages to an employee under any circumstances does not give plaintiff a right to maintain either a damage suit under Article 2315 of the Civil Code or an action for death benefits under the Workmen's Compensation Act, when no such right of action exists under any other provision of the law.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.