YELVERTON, Judge.
Joseph Hill suffered a back injury while working for Jacques Miller, Inc. in August 1986. He filed suit for worker’s compensation benefits in November 1986. The employer responded to the suit by paying benefits. The suit was never dismissed.
Hill died on March 29, 1990, of a heart attack. Via La.C.C.P. art. 1153 Hill’s dependents amended the original petition and substituted themselves as parties plaintiff in the pending lawsuit in July 1990. They sought benefits under La.R.S. 23:1231. This statute provided death benefits for certain qualifying dependents “[f]or injury causing death within two years after the accident_” The new plaintiffs contended that Hill’s back injury contributed to his heart attack.
The employer and its insurer filed an exception of no cause or right of action based on La.R.S. 23:1231. The ground for the exception was that the death occurred more than two years after the accident. The trial court maintained the exception of no right of action, ruling that § 1231 established a peremptive period that extinguished the right, and dismissed the suit. The plaintiffs appealed.
The appeal places at issue Act 431 of the 1992 Regular Session of the Louisiana Legislature, amending La.R.S. 23:1231(A), making death benefits available “[f]or injury causing death within two years of the last treatment resulting from the accident....”
Thus, the 1992 amendment changes the commencement of the running of the statute’s two-year time limitation period from the date of the accident to the date of the last treatment resulting from the accident. The question before us is, does the new law apply to this case? We conclude that it does.
La.C.C. art. 3461 provides that “[p]er-emption may not be renounced, interrupted, or suspended.” However, the last paragraph of Article 3461’s official comments reads as follows:
Nevertheless, when an action asserting a right subject to peremption has been commenced or served as provided in Article 3462, the right has been exercised and so long as the action is pending the lapse of the period of peremption does not extinguish the right.
*328 Hill’s dependents asserted their claim by amending Hill’s original petition. La. C.C.P. art. 1153 is the “relation back” article. It provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
Hill’s back injury was the original conduct, transaction, or occurrence that was set forth in his original pleading. Hill’s dependents, by asserting a § 1231 claim, alleged that Hill’s death resulted from this same injury. Accordingly, the action asserted in the dependents’ amended petition arises from the same conduct, transaction, or occurrence as the original pleading. Therefore, the dependents’ claim relates back to November 7, 1986, the date of the original petition.
Shortly after the trial court’s decision, the dependents filed a timely appeal. Section 1231 was subsequently amended to extend the two year time limitation period. Thus, the law was changed while the suit was still pending.
The mere fact that the defendant won at trial does not mean that it was entitled to any sort of vested right in the trial court’s judgment. As the Second Circuit held in Fullilove v. U.S. Casualty Company of New York, 129 So.2d 816, 827 (La.App. 2d Cir.1961):
It is well settled that one never has a “vested right” in a judgment of a court until the courts have lost control of the judgment as a result of its having become final and unappealable. As declared in 16 C.J.S. Constitutional Law § 271, pp. 1266, 1267:
“There can be no vested right, however, in a verdict, order, or judgment, while it remains subject to the control of the court in which or by which it was rendered, or while the order or judgment is subject to appellate review.” (Emphasis supplied.)
No right vested in defendant as a result of the judgment in the district court, because that judgment was appealed.
Fullilove, was also faced with the question of whether a change in the law while appeals were pending required it to
... adjudge these appeals on the basis of the law as it now is, or on the basis of the law as it was when it was decided by the court below? The law on this question is clear. It is the duty of the court to adjudge a case before it in accordance with the law existing at the time of its own decision, even though, by so doing, it requires the reversal of a judgment which was proper at the time of its rendition.
Accordingly, we find that Acts 1992, No. 431, is applicable to this case. The ruling of the trial court is reversed. The case is remanded for further proceedings. Appel-lee will pay the costs of this appeal.
REVERSED AND REMANDED.