634 So.2d 1260 (1994)
ESTATE OF David R. WILLIAMS, Plaintiff-Appellee,
v.
LOUISIANA OFFICE OF RISK MANAGEMENT, Defendant-Appellant.
No. 93-795.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
Writ Denied May 6, 1994.
*1262 Thomas Allen Filo, Lake Charles, Rodney A. Ramsey, Covington, for Estate of David Williams.
David LeRoy Hoskins, Lake Charles, for La. Correctional and Indus. School, et al.
Before KNOLL and COOKS, JJ., and CULPEPPER,[*] J. Pro Tem.
KNOLL, Judge.
This is a workers' compensation case, in which the Louisiana Office of Risk Management (Risk Management) suspensively appeals the judgment of the Office of Workers' Compensation which awarded death benefits to the Estate of David R. Williams (Estate).
Risk Management contends that the hearing officer erred in: (1) its conclusion that the 1992 legislative amendment of LSA-R.S. 23:1231 A could be applied retroactively to revive a claim extinguished by peremption more than three years prior to the amendment's effective date; and (2) rendering judgment on the merits of the underlying claim without holding a trial or hearing on the merits. We affirm in part, reverse in part, and remand.

FACTS
The hearing officer developed most of the operative facts in its written reasons which were incorporated in its final judgment and they are adopted herein. Where appropriate, we have provided additional facts, set off in brackets, which we deem relevant to a determination of the issues presented.
"David R. Williams was employed by the Louisiana Correctional and Industrial School ... on April 22, 1986. Mr. Williams worked as a correction sergeant until May 6, 1987. On that date, Mr. Williams broke up a fight between inmates and then returned to his dorm to complete disciplinary forms. He began having pains in the chest. Mr. Williams was admitted into Beauregard Memorial Hospital. At the time of this admission, he had a diagnosis of massive cardiac infarction. Mr. Williams was hospitalized and finally discharged on May 14, 1987. Mr. Williams was rendered totally and permanently disabled as a result of his work-related injury. He was never able to return to work. Diagnostic tests performed after Mr. Williams' initial heart attack revealed his heart condition was inoperative [sic]; therefore, Mr. Williams required large daily doses of medication and periodic visits to treating physicians concerning the heart condition.
[Mr. Williams suffered a second heart attack on September 3, 1991, and was sent four days later from Beauregard Memorial Hospital in DeRidder to the Regional Heart Center at St. Patrick's Hospital in Lake Charles. On September 9, 1991, Mr. Williams died from a heart attack. Mr. Williams received workers' compensation benefits from May 6, 1987 until September 9, 1991, the date of his death.]
On September 6, 1992, Mr. Williams' spouse and heirs filed a petition seeking benefits under La.R.S. 23:1231. At the time of Mr. Williams' death, the statute provided health benefits to qualifying dependants' [sic] for injury causing death within two years after the accident'. The state filed an Exception of No Right of Action, Peremptory, and/or prescription, alleging in its exception that Mr. Williams' death occurred more than two years after the initial accident and injury."
The hearing officer heard oral argument on Risk Management's peremptory exceptions and, after taking the issue under advisement, denied the exceptions and rendered judgment, granting death benefits to the Estate of Mr. Williams.

*1263 PEREMPTORY EXCEPTIONS
Risk Management contends that the hearing officer improperly denied its peremptory exceptions of no right of action, peremption and/or prescription.[1] The basis of Risk Management's argument on each of these exceptions is that Mr. Williams's death occurred more than two years after the work-related incident, i.e., his first heart attack in 1987.
The Estate contends that the hearing officer's ruling was correct, and argues it is entitled to death benefits under LSA-R.S. 23:1231 as it read at the time Mr. Williams's heirs filed suit after decedent's second heart attack and death, i.e., the version as amended by Act 431 of the 1992 regular session of the Louisiana Legislature. It further argues that the hearing officer's ruling was correct even under the pre-amendment version of LSA-R.S. 23:1231.
At the time of Mr. Williams's first heart attack and at the time of Mr. Williams's death, LSA-R.S. 23:1231 read, in pertinent part:
"For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided...." (Emphasis added.)
In contrast, at the time that Mr. Williams's estate filed suit in 1992, LSA-R.S. 23:1231 read, in pertinent part:
"For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart." (Emphasis added.)
Risk Management contends that the two year provision is a peremptive period or, alternatively, a prescriptive period. It argues that the legislature referred to this period as peremptive in its discussion of the 1992 amendment and further suggests that unlike prescriptive periods, a peremptive proviso cannot be suspended or interrupted.
After thoroughly reviewing the transcript of the legislative summary of argument on the most recent amendment to the statute, we observe that although the legislature loosely referred to the statute as a peremptive one, at no time did that body conclusively designate it as such. Instead, it is necessary for us to review the codal provisions, the jurisprudence, and the various treatise's on this subject before we can decide this question.
Peremption is a period of time fixed by law for the existence of a right. LSA-C.C. Art. 3458. Louisiana jurisprudence has indicated that the test for determining whether a period for instituting an action is peremptive or prescriptive, is whether the statute creating the right also stipulates the time in which it must be exercised. Schulin v. Service Painting Co. of Louisiana, 479 So.2d 939 (La.App. 1st Cir.1985), writ. denied, 481 So.2d 634 (La.1986).
When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. Id.
The requirement of LSA-R.S. 23:1231 that death occur within a specified time does not stipulate the delay within which a right is to be executed and does not limit the time within which the cause of action expires. Rather, the statute creates a right of action itself and defines its existence with reference to a specific time period within which death of the worker must occur. Accordingly, we find that it is neither a prescriptive nor peremptive period. Rather, as stated in W. Malone & H.A. Johnson, Workers' Compensation *1264 Law and Practice, Section 302 (La.Civ. L.Tr. vol. 14 1980), it is "a condition precedent to the accrual of the right of action for the dependents....".
Thus, if the injured worker's death occurred within two years of the accident, LSA-R.S. 23:1231 prior to the 1992 amendment, or within two years after the last treatment resulting from the work related accident, LSA-R.S. 23:1231 as amended in 1992, the employee's dependents had a right of action for death benefits.
In the case sub judice, Mr. Williams died more than two years after his work-related accident, but within days of his last treatment of the heart condition for which he was treated continuously since his heart attack at work. Accordingly, if we apply R.S. 23:1231 as it read at the time of Mr. Williams's death, his dependents had no right of action since Mr. Williams's death occurred more than two years after the accident. However, if we apply R.S. 23:1231 as it read at the time that suit was brought, Mr. Williams's dependents had a right of action because his death was within two years of the date of his last treatment for his work-related heart attack. Therefore, we are faced with the question of whether the amendment to R.S. 23:1231 can be applied retroactively.
In determining whether laws may be applied retroactively, LSA-C.C. Art. 6 provides:
"In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."
Elaborating on LSA-C.C. Art. 6 in Cole v. Celotex Corp., 599 So.2d 1058, 1063 (La.1992), the Louisiana Supreme Court explained:
"LSA-C.C. Art. 6 requires that we engage in a two-fold inquiry. First, we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective or prospective application. If the legislature did so, our inquiry is at an end. If the legislature did not, we must classify the enactment as substantive, procedural or interpretive."
Furthermore, even where the legislature expressed its intent to give a substantive law retroactive effect, the law may not be applied retroactively if it would impair contractual obligations or disturb vested rights. Burmaster v. Gravity Drainage Dist. No. 2, 366 So.2d 1381 (La.1978).
In Act 431 of 1992, we do not find that the legislature expressed its intent regarding retroactive or prospective application of its amendment to LSA-R.S. 23:1231. Accordingly, our next inquiry is whether the enactment is substantive, procedural, or interpretive.
Substantive laws establish new rules, rights, and duties or change existing ones. St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809 (La.1992). Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Graham v. Sequoya Corp., 478 So.2d 1223 (La.1985). Interpretive laws merely establish the meaning the interpreted statute had from the time of its enactment. St. Paul Fire & Marine, supra at 817.
When we examine Act 431 of 1992, we do not find that it changed the underlying two year period of death or established a new cause of action available to the worker's dependents. Accordingly, we do not find that the act was substantive. Likewise, we do not find the act interpretive since it did not determine the meaning of existing laws. However, we do find that Act 431 is procedural because it provides that the time from which the two year period would begin to run was affectively suspended as long as the injured worker was being treated for his work-related accident. In accord, Doyle v. St. Patrick Hosp., 499 So.2d 704 (La.App. 3rd Cir.1986), writ. denied, 503 So.2d 478 (La.1987).
It is well settled that procedural laws are given retroactive effect in the absence of language showing a contrary intention. Lott v. Haley, 370 So.2d 521 (La.1979). This jurisprudential rule is subject to the exception where the procedural law's application would operate unconstitutionally to disturb vested rights. Id.
*1265 In reaching this determination, we do not find that the retroactive application of Act 431 disturbs any vested rights of Risk Management. Clearly, under the legislative scheme Risk Management was exposed to liability for Mr. Williams's death if it could be proven that the work-related accident was the cause of that death. Suspending the period of time in which Mr. Williams was still undergoing treatment for his work-related injury does not alter Risk Management's potential liability to the worker and his dependents for the initial accident.
Moreover, after reviewing a thorough sampling of the jurisprudence on dependents' right of action for death benefits under LSA-R.S. 23:1231, we find our conclusion complements the underlying purpose of the two year period of death. As pointed out in Malone & Johnson, supra, Section 302 at 5:
"The two-year period, formerly a one-year period, no doubt began as an effort to assure that the causal connection between the injury and the death would be fairly easy to establish, if present. With more sophisticated methods of medical diagnosis and treatment, it is likely that the arbitrary period could be abolished without serious impact, leaving the dependents with the burden simply of establishing that the injury or occupational disease caused the death, regardless of the space of time between the two."
Placing this observation into a temporal perspective, certainly the mushrooming of medical technology in the thirteen years since Malone & Johnson penned this comment makes their statement even more poignant today.
Having reached these conclusions, we do not find it necessary to rely on Hill v. Jacques Miller, Inc., 609 So.2d 327 (La.App. 3 Cir.1992), writ. denied, 612 So.2d 64 (La. 1993). We point out that the Hill opinion based its retroactive application on the procedural articles which allowed the dependents' claim for death benefits to relate back approximately four years to Hill's original petition for workers' compensation benefits which was still pending. Although we are in agreement with Hill, we are not presented herein with an earlier filed petition to which we could relate back. Accordingly, we are not faced with a question of the applicability of Hill, and we need not address the Estate's contention that the Hill decision requires us to overrule our earlier ruling in Hawkins v. Employer's Casualty Company, 177 So.2d 613 (La.App. 3 Cir.1965) which held that compensation payments do not interrupt the two year period contained in LSA-R.S. 23:1231.
In summation, we find that our retroactive application of LSA-R.S. 23:1231 does justice to the purpose of workers' compensation legislation by providing an opportunity for the injured worker's dependents to seek death benefits. At the same time, Risk Management's concerns are well protected, since the Estate still has the burden of establishing that the initial work-related injury caused the death of Mr. Williams.
Therefore, for these reasons we affirm the hearing officer's retroactive application of LSA-R.S. 23:1231 to the facts presented in the case sub judice and its denial of Risk Management's exceptions.

HEARING OFFICER'S RULING ON THE MERITS
Risk Management next contends that the hearing officer improperly ruled on the merits of the Estate's claim for death benefits. It argues that the only aspect of the case which was before the hearing officer was its peremptory exceptions. We agree.
The Office of Workers' Compensation issued a notice to Risk Management regarding a hearing on the exceptions, which stated:
"TAKE NOTICE: There will be a hearing on exception in the above case at the following address at 01:00 PM on 02-24-93.
The purpose of this hearing is to take evidence and/or hear oral argument on the limited issue of [Risk Management's peremptory exceptions.]"
After taking Risk Management's exceptions under advisement, the hearing officer not only denied the exceptions, but further granted judgment on the merits of the case in favor of the Estate.
Our review of the record shows that the only issue before the hearing officer was *1266 whether to grant or deny Risk Management's peremptory exceptions. In accordance with the notice to the litigants, the parties presented argument only about Risk Management's peremptory exceptions. At no time did the parties present evidence on the merits of the Estate's entitlement to death benefits. As pointed out by us hereinabove, causation was an integral issue remaining for litigation; so also was proof of the dependency of the various claimant/heirs of Mr. Williams.
Accordingly, we find that the hearing officer prematurely decided the merits of this litigation and order a reversal of that portion of the judgment.
For the foregoing reasons, the judgment of the hearing officer denying Risk Management's peremptory exceptions is affirmed. IT IS FURTHER, ORDERED, ADJUDGED AND DECREED that the portion of the judgment which ruled on the merits in favor of the Estate of David Williams and against Risk Management is reversed and set aside. Costs of this appeal are assessed one-half to the Estate of David Williams and one-half to Risk Management.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Risk Management referred to peremption as a peremptory exception. LSA-C.C.P. Art. 927 does not recognize peremption as a peremptory exception and the jurisprudence has not treated it as such. However, because of our treatment herein where we determine that this provision is neither prescriptive nor peremptive, it is not necessary for us to differentiate.