JiBOWES, Judge.
Plaintiff, Cathy Dean, on behalf of the two minor children of Gregory Dean (or the Estate of Gregory Dean), appeals a judgment by the Office of Worker’s Compensation in favor of K-Mart Corporation, dismissing plaintiffs claim for death benefits under the Louisiana Worker’s Compensation Act. We reverse and remand.

FACTS

On February 15, 1984, Gregory Dean was injured while in the course and scope of his employment with defendant, K-Mart Corporation. Dean was paid medical benefits and indemnity compensation benefits until his death on September 24,1994. The investigation report of the St. Tammany 12Parish Coroner’s Office states that “the cause of death is considered to be fatal respiratory failure due to multi drug interaction.” The medication is alleged to have been prescribed by Dean’s physicians to treat the debilitating pain caused by the 1984 work related injury, for which he was still being treated at the date of his death.
Plaintiff, on behalf of the decedent’s minor children, instituted this claim for worker’s compensation death benefits. K-Mart Corporation filed exceptions of vagueness, no cause of action, no right of action and prescription. The hearing officer rendered a decision finding moot the exceptions of vagueness, no cause of action and no right of action and granting the exception of prescription. Plaintiff appealed.

AMENDING PETITION

Plaintiff first instituted this action by the filing of Form 1008 with the Office of Worker’s Compensation on August 9, 1995. After defendant filed its exceptions, plaintiff sent to the worker’s compensation court a supplemental and amended petition, along with an order allowing the amendment. This order was not signed by the trial judge. However, it is clear in the reasons for judgment that the amended petition was considered by the trial judge in his determination of the issues before him. The record sent to us by the Office of Worker’s Compensation reflects that the office is in possession of only a faxed copy of the amended petition and the order and not the original hard copy.
^Accordingly, we order that plaintiff provide to the Office of Worker’s Compensation the original hard copy of the amended petition and order, that the trial judge sign the order allowing the amending petition, and that the order and the amending petition be placed in the record.

ANALYSIS

At the time of Dean’s work-related accident and injury in 1984, La.R.S. 23:1231 provided in part that:
For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided....
[Emphasis supplied].
At the time of Dean’s death on September 24, 1994, La.R.S. 23:1231 had been amended, effective August 21, 1992, and read in pertinent part:
For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident *601 and death, a weekly sum as provided in this Subpart.
[Emphasis supplied].
In Tran . v. Avondale Shipyards, Inc., 95-542 (La.App. 5 Cir. 11/15/95), 665 So.2d 507, this Court considered the identical issue before us now, i.e., which enactment of La.R.S. 23:1231 applies when the accident occurred before the amendment and the death occurred posi-amendment. In this case we said at pages 509, 510:
^Plaintiffs in the instant case could not have instituted a cause of action for the death of Mr. Nguyen prior to the date on which he actually died. Therefore, their cause of action could not have prescribed in 1987 as the trial court found. Rather, we agree, at least in part, with the analysis made by our brothers in the Third Circuit in Estate of Williams v. Louisiana Office of Risk Management, 93-795 (La.App. 3 Cir. 3/2/94), 634 So.2d 1260. There, the court addressed the same issue as is before us, and analyzed the matter thusly:
‘Peremption’ is a period of time fixed by law for the existence of a right. LSA-C.C. Art. 3458. Louisiana jurisprudence has indicated that the test for determining whether a period for instituting an action is ‘peremptive’ or ‘prescriptive,’ is whether the statute creating the right also stipulates the time in which it must be exercised. Schulin v. Service Painting Co. of Louisiana, 479 So.2d 939 (La.App. 1st Cir.1985), writ. denied, 481 So.2d 634 (La.1986) [overruled on other grounds, Turner v. Maryland Casualty Co., 518 So.2d 1011 (La.1988) ].
When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of ‘prescription,’ but is one of peremption.’ Statutes of prescription simply bar the remedy. Statutes of 15peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. Id.
The requirement of LSA-R.S. 23:1231 that death occur within a specified time does not stipulate the delay within which a right is to be executed and does not limit the time within which the cause of action expires. Rather, the statute creates a right of action itself and defines its existence with reference to a specific time period within which death of the worker must occur. Accordingly, we find that it is neither a ‘prescriptive’ nor ‘peremptive’ period. Rather, as stated in W. Malone & H.A. Johnson, Workers’ Compensation Law and Practice, Section 302 (La.Civ.L.Tr. vol. 14 1980), it is ‘a condition precedent to the accrual of the right of action for the dependents....’•.
We agree with this holding in Williams, supra, and we hold here that under this statute the death of the worker [within two years from the date of the last medical treatment made necessary by the accident] is a condition precedent to the accrual of the right of action of the dependents.
Therefore, if a worker dies within two years of the last date of treatment resulting from the work-related accident, a cause of action for death benefits Rarises. The concepts of “prescription” and “peremption” are simply not applicable to the matter. The plaintiffs do not have only two years within which to file the action; if the victim does not die, or dies more than two years after the last treatment, a cause of action under this section simply does not arise. In the present ease, the plaintiffs’ cause of action arose after the effective date of the amendment to La.R.S. 23:1231. Therefore, an examination of the prospective versus the. retrospective application of that law is unnecessary. La.R.S. 23:1231 as amended is applicable to plaintiffs’ case.
[Emphasis in original. Footnote omitted]
Thus, the applicable determinative period for appellant to file a claim for worker’s compensation benefits in this case is two years from September 24, 1994, the date of his death, while he was still under treatment. La.R.S. 23:1231 as amended in 1992. The claim which forms the basis of this suit was filed on August 9, 1995, less than one year after Gregory Dean’s death and, therefore, was timely filed.
*602 Accordingly, the hearing officer erred in finding that appellant’s claim for death benefits had prescribed.

DECREE

For the above discussed reasons, the judgment maintaining defendant’s exception of prescription is reversed, and the case is remanded for further proceedings consistent with this opinion.
Additionally, it is ordered that the plaintiff file with the Office of Worker’s Compensation the amended petition and order referred to herein [7and that the trial judge sign the order and place the order and amended petition into the record of this matter.
Cost of this appeal are assessed against and to be paid by appellee, K-Mart Corporation.
REVERSED AND REMANDED.