! .WILLIAMS, J.
In this workers’ compensation case, the claimants, Clarence and Barbara Payne, appeal a summary judgment in favor of their deceased son’s employer, Sam David Racing Stables, and its insurer, Continental Casualty Company. The Workers’ *1177 Compensation Judge (“WCJ”) found that the law in effect at the time of the deceased employee’s accident governed the surviving parents’ claim for death benefits. For the following reasons, we reverse and render.
The sole issue presented by this appeal is whether the amount of death benefits authorized by LSA-R.S. 23:1231, as amended, is applicable to this claim, where the work-related accident occurred prior to the effective date of the amendment, but the worker’s death occurred after the effective date of the amendment. We hold that because the claimants’ cause of action arose at the time of their son’s death, which was after the effective date of the amendment to LSA-R.S. 23:1231, the claimants are entitled to the amount of death benefits authorized by the statute, as amended. Consequently, the claimants’ partial motion for summary judgment should have been granted and the defendants’ motion for summary judgment was improvidently granted.
FACTS
On January 10, 2001, Daniel Payne (“Daniel”) was kicked in the chest by a horse at his place of employment, Sam David Racing Stables. The employer paid workers’ compensation benefits and medical expenses. On January 12, 2002, Daniel died.
The parties entered into a partial settlement whereby the employer Land its insurer paid the claimants death benefits in the amount of $20,000 each, in accordance with the provisions of LSA-R.S. 23:1231 as it existed at the time of Daniel’s work-related injury. They also paid $5,000 for burial expenses. The claimants reserved their right to pursue the balance of the death benefits authorized by Section 1231, as amended.
DISCUSSION
Plaintiffs contend the WCJ erred in denying their motion for summary judgment. They argue that the statute in effect at the time that their cause of action for death benefits arose governs the amount of benefits to which they are entitled.
A motion for summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(C)(1).
At the time of Daniel’s accident on January 10, 2001, LSA-R.S. 23:1231 read, in pertinent part:
(2) However, if the employee leaves no legal | .^dependents, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, ...
Acts 1992, No. 431 § 1 (emphasis added).
At the time of Daniel’s death on January 12, 2002, LSA-R.S. 23:1231 had been amended, effective August 15, 2001, and now reads, in pertinent part, as follows:
(2) However, if the employee leaves no legal dependents entitled to benefits ... the sum of seventy-five thousand dollars shall be paid to each surviving parent of the deceased employee, ...
Acts 2001, No. 1156, § 1 (emphasis added).
Our Courts have consistently held that the provisions of Section 1231 create a cause of action for death benefits. The death of the worker is a condition precedent to the creation of the cause of action. Williams v. Louisiana Office of Risk Management, 93-795 (La.App. 3d Cir.3/2/94), 634 So.2d 1260; Tran v. Avondale Shipyards, Inc., 95-542 (La.App. 5th *1178 Cir.11/15/95), 665 So.2d 507; Estate of Dean v. K-Mart Corporation, 96-142 (La.App. 6th Cir.7/30/96), 678 So.2d 599.
In the present case, the claimants’ cause of action, i.e., their son’s death, arose after the effective date of the amendment to LSA-R.S. 23:1231. Therefore, the amended statute governs the amount of the award for death benefits. As stated in Williams, supra and Estate of Dean, supra, “[A]n examination of the prospective versus the retrospective application of that law is unnecessary.” (emphasis added)
Here, each surviving parent was entitled to death benefits in the amount of seventy-five thousand dollars in accordance with the statute. Consequently, appellants were entitled to judgment as a matter of law and the WCJ erred in concluding otherwise.
CONCLUSION
For the above reasons, the summary judgment by the Office of Workers’ Compensation in favor of the defendant, Sam David Racing Stables, is reversed. Summary judgment is hereby rendered in favor of the 1 ¿claimants, Clarence Payne and Barbara Payne, awarding each claimant the sum of $75,000 in death benefits based on the work-related death of their son, Daniel Payne. Costs of this appeal are assessed to the defendant/appellee, Sam David Racing Stables.
REVERSED AND RENDERED.