WARD, Judge.
This is an appeal from a ruling of the Trial Court upholding a plea of prescription because suit was not timely filed. Anheu-ser-Busch, Inc. denies that there was an accident or injury that would have entitled the plaintiffs to worker’s compensation death benefits for the death of Leon Martin but the only issue in this appeal is the timeliness of the suit.
The plaintiffs allege that on January 20, 1983 while he was employed by Anheuser-Busch as a delivery truck helper, Leon Martin injured his ankle. Anheuser-Busch claims he merely experienced pain; however, X-rays showed the presence of a tumor in the ankle. The leg was amputated below the knee on July 5, 1983 and Martin died of cancer on June 1, 1984. Leon Martin did not file a worker’s compensation claim for his injury nor did he receive compensation benefits. On April 8, 1985, more than two years after the accident but within one year of the date of his death, Leon Martin’s daughter Terrasita, his wife Ursula and his son Earl filed suit claiming worker’s compensation death benefits.
Anheuser-Busch’s exception of prescription was sustained as to Ursula and Earl’s claims but was overruled as to Terrisita’s claim. Upon discovering that Terrisita Martin, who was a minor when her father’s injury occurred, had reached the age of majority when her father died, Anheuser-Busch reurged an exception of prescription. Only Terrisita Martin appeals the Trial Court’s sustaining the exception, alleging that the Trial Judge erred by applying La. R.S. 23:1209 to a dependent’s claim for death benefits when the dependent was a minor at the time her rights accrued.
Generally worker's compensation claims must be filed within the time limitations of La.R.S. 23:1209:
(A) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed.... Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
In addition to these limitations, where death is caused by a work-related injury, a qualified dependent is entitled to death benefits but only if death occurs within two years of the date of injury. Leon Martin died within two years of his injury. If he died because of a work-related injury, then Terrisita, as a minor living with him, was entitled to death benefits. La. R.S. 23:1231 et seq. and La.R.S. 23:1251.
The general prescriptive period of the compensation statute may be suspended in certain situations. La.R.S. 23:1234. Basically, section 1234 provides that if death results from a work related injury, any rights accruing to a minor may be exercised by a tutor. If a tutor has not been appointed, then the time limitations of section 1209 will not commence to run until the minor reaches majority.
Thus, if Martin was a minor when her right to death benefits accrued, and if she did not have a curator or tutor, the prescriptive period established in section 1209 would not begin to run until Martin reached majority or obtained a curator or tutor.
But the cause of action for death benefits arises in favor of the named dependents in La.R.S. 23:1231 when the em *6 ployee dies. Sherman, for Magee v. B & G Crane Service, 455 So.2d 1275 (La.App. 4th Cir.1984). Because Terrisita Martin was no longer a minor when her father died and because her right to death benefits accrued on the date of her father’s death, section 1234 does not apply. Therefore, we reject Martin’s argument that the prescriptive period of section 1209 was suspended as to her claim.
Nevertheless, we reverse the Trial Court’s judgment which granted the exception of prescription as to Terrisita Martin’s claim because the general prescription provision in the worker’s compensation law cannot apply to death benefit actions. While it is true that section 1209 at first reading purports to cover death benefit claims, it is not altogether clear, and its application to claims for death benefits would lead to an absurdity whenever an employment related death occurs more than one year after injury.
For example, section 1209 says death benefit actions prescribe one year after the employee’s accident. However, section 1231 permits death benefit claims within two years of the accident. But, Sherman says that a dependent’s right to death benefits does not accrue until after the employee’s death. So, the anomalous result of this contradiction is that these death benefit claimants have a cause of action under section 1231 that did not come into existence until after their right to institute that action had been forever barred by section 1209.
It was a similar illustration which caused the Second Circuit Court of Appeal in Hoy v. T.S. Grayson Lumber Co., 15 La.App. 176, 130 So. 651 (1930) to conclude that, notwithstanding the general prescription period in the compensation statute then in existence, the statute gives dependents a right and a remedy, and their remedy must be exercised within one year from the date of the employee’s death and not from the date of the accident. We agree.
Furthermore, it also appears obvious to us that courts should interpret statutes to give logical meaning to their terms, which otherwise would be contradictory and ambiguous.
Although Anheuser-Busch briefly mentions the two year peremptory period contained in section 1209, we have considered this provision and reject any argument that the two year period is applicable to claims for death benefits. By its own terms the period is applicable to developmental injuries, and apparently addresses the problem of proof of causation, just as the two year peremptory period of section 1231 does. The question of whether an injury is developmental does not arise in a death benefit action for the purposes of applying prescriptive periods.
For these reasons, we reverse the judgment on appeal, finding that the Trial Judge erred by granting Anheuser-Busch’s exception of prescription. All costs of this appeal are assessed to Anheuser-Busch.
REVERSED.