665 So.2d 507 (1995)
Tho Thi TRAN, wife of decedent Thuc Nguyen, Individually and on Behalf of Her Minor Children, Shannon Mary Nguyen, Phuongtham Thi Nguyen, Mongthuong Nguyen and Mongtuyen Nguyen
v.
AVONDALE SHIPYARDS, INC.
No. 95-CA-542.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1995.
Writ Denied March 8, 1996.
*508 Edward L. Smith, Jr., Pham, Smith & Associates, New Orleans, for Plaintiffs/Appellants, Tho Thi Tran, et al.
Richard S. Vale, Blue, Williams, Metairie, for Defendant/Appellee, Avondale Shipyards, Inc.
Before BOWES, DUFRENSE and CANNELLA, JJ.
BOWES, Judge.
Tho Thi Tran, wife of the decedent Thuc Nguyen, appeals a judgment by the Office of Worker's Compensation in favor of Avondale Shipyards, denying appellant's claim for dependents death benefits under the Louisiana Worker's Compensation Act. We reverse.

FACTS
Thuc Nguyen began working for defendant Avondale Shipyards, Inc. ("Avondale") in 1976. On December 12, 1985, while in the course and scope of his employment, he suffered a severe reaction as a result of exposure to paint and was hospitalized. No compensation claim was filed, and it appears from the appellate record that Mr. Nguyen was not immediately disabled as a result of this accident, although (it is alleged) he suffered lung damage and dermatitis.
In August of 1986, Mr. Nguyen suffered another injury at Avondale when a crane operator caused a dumpster to fall on him. As a result, he became totally and permanently disabled and began to receive benefits under the Longshoreman and Harbor Worker's Act.
In March of 1990, Mr. Nguyen filed a claim under the Louisiana Worker's Compensation Law for medical benefits to help pay for his increasing medical expenses for problems relative to his worsening pulmonary health. These problems were alleged to be related to the 1985 accident.
In response to an exception to jurisdiction filed by Avondale, the court found that it had jurisdiction over those proceedings and overruled the exception. Upon application for writs, this Court found no error and declined to exercise its supervisory jurisdiction. Nguyen v. Avondale, 92-C-977 (La.App. 5 Cir. 12/9/92).
Mr. Nguyen died on November 11, 1992. Thereafter, a claim was filed on behalf of the decedent's wife and minor children for dependents' death benefits under the Louisiana Worker's Compensation Act, La.R.S. 23:1231. Avondale excepted to this claim on the basis of prescription. Following briefing and oral argument, the court maintained the exception and dismissed appellants' claim. They appeal herewith.
At the time of the original accident in 1985, La.R.S. 23:1231 read, in pertinent part:
For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided....
[Emphasis supplied].
*509 However, at the time of Mr. Nguyen's death on November 11, 1992, La.R.S. 23:1231 had been amended effective August 21, 1992, and read, in pertinent part as follows:
For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.
[Emphasis supplied].

JUDGMENT OF THE TRIAL COURT
The trial court reasoned that under La. R.S. 23:1231 as it read in 1985, supra, plaintiff would have no right of action to death benefits because Mr. Nguyen died in 1992, more than two years after the accident. In 1992, the statute was amended, supra, and the court found such amended statute, if it applied to the present case, would allow plaintiff to recover benefits since Mr. Nguyen's death occurred within two years of his last treatment for the lung disorder. The hearing officer found that the workers compensation law in effect on the date of the accident "governs related injuries and legal questions arising therefrom," citing Behmke v. K-Mart Corp., 581 So.2d 291 (La.App. 5 Cir.1991) and Wiley v. Tullos Constr., 640 So.2d 739 (La.App. 3 Cir.1994). The hearing officer then concluded that the present claim had prescribed in 1987.
On appeal, plaintiffs contend that the cause of action for a claim for defendants' death benefits under the Louisiana Workers' Compensation Act, occurs at the time of the death of the employee, rather than on the date of the accident.

ANALYSIS
After considering the following statutes and jurisprudence, we hold that plaintiffs are correct in their assertion that a cause of action for death benefits accrue upon the death of the injured party.
The Fourth Circuit has held: "... the cause of action for death benefits arises in favor of the named dependents in La.R.S. 23:1231 when the employee dies." Martin v. Anheuser-Busch, Inc. 534 So.2d 4 (La.App. 4 Cir.1988); Sherman, for Magee v. B & G Crane Service, 455 So.2d 1275 (La.App. 4 Cir.1984).
And this Court has previously held: Until the death of the worker, no cause of action exists in favor of those beneficiaries. Ponthier v. Insurance Co. of North America, 522 So.2d 188 (La.App. 5 Cir.1988).
Plaintiffs in the instant case could not have instituted a cause of action for the death of Mr. Nguyen prior to the date on which he actually died. Therefore, their cause of action could not have prescribed in 1987 as the trial court found. Rather, we agree, at least in part, with the analysis made by our brothers in the Third Circuit in Estate of Williams v. Louisiana Office of Risk Management, 93-795 (La.App. 3 Cir. 3/2/94), 634 So.2d 1260. There, the court addressed the same issue as is before us, and analyzed the matter thusly:
`Peremption' is a period of time fixed by law for the existence of a right. LSA-C.C. Art. 3458. Louisiana jurisprudence has indicated that the test for determining whether a period for instituting an action is `peremptive' or `prescriptive,' is whether the statute creating the right also stipulates the time in which it must be exercised. Schulin v. Service Painting Co. of Louisiana, 479 So.2d 939 (La.App. 1st Cir. 1985), writ denied, 481 So.2d 634 (La.1986).
When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of `prescription,' but is one of `peremption.' Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. Id.
The requirement of LSA-R.S. 23:1231 that death occur within a specified time does not stipulate the delay within which a right is to be executed and does not limit the time within which the cause of action expires. Rather, the statute creates a right of action itself and defines its existence *510 with reference to a specific time period within which death of the worker must occur. Accordingly, we find that it is neither a `prescriptive' nor `peremptive' period. Rather, as stated in W. Alone & H.A. Johnson, Workers' Compensation Law and Practice, Section 302 (La.Civ. L.Tr. vol. 14 1980), it is `a condition precedent to the accrual of the right of action for the dependents...."
[Emphasis supplied].
We agree with this holding in Williams, supra, and we hold here that under this statute the death of the worker is a condition precedent to the accrual of the right of action of the dependents.
Therefore, if a worker dies within two years of the last date of treatment resulting from the work-related accident, a cause of action for death benefits arises. The concepts of "prescription" or "peremption" are simply not applicable to the matter. The plaintiffs do not have only two years within which to file the action; if the victim does not die, or dies more than two years after the last treatment, a cause of action under this section simply does not arise. In the present case, the plaintiffs' cause of action arose after the effective date of the amendment to La.R.S. 23:1231. Therefore, an examination of the prospective versus the retrospective application of that law is unnecessary.[1] La.R.S. 23:1231 as amended is applicable to plaintiffs' case.
The applicable prescriptive period within which to file these claims is either La.R.S. 23:1209 (one year from the death of the employee), or La.R.S. 23:1031.1 (six months from the death when the death is from an occupational disease).[2] Under either statute, plaintiffs' petition was timely filed.
Therefore, we hold that the trial court erred in finding that the plaintiffs' cause of action under La.R.S. 23:1231 has prescribed.

DECREE
For the foregoing reasons, the judgment dismissing plaintiffs' case is reversed, and the matter is remanded to the trial court for further proceedings. Costs are taxed to appellee.
REVERSED AND RENDERED.
NOTES
[1] The Third Circuit in Estate of Williams, supra, was confronted with a different factual circumstance, in that the claimant died prior to the amendment of La.R.S. 23:1231; the claim for death benefits was filed after the effective date of the amendment, necessitating that the court address the issue of retroactivity of the statute. Such a situation is not now before us.
[2] La.R.S. 23:1209 addresses death from "personal injury," while 23:1031.1 addresses death from an occupational disease. Whether Mr. Nguyen suffered from an occupational disease has not yet been determined by the court.