JaSEXTON, Judge.
Rachel Bell, the surviving spouse of Lonnie Bell, appeals a judgment finding that her claim for worker’s compensation death benefits under LSA-R.S. 23:1231(A) had prescribed and that she had no right of action. *285 The issue before us is whether the worker’s compensation death benefits law at the time of Bell’s 1978 injury or at the time of his 1993 death applies. We find that the hearing officer erred in applying the 1978 death benefits law. The judgment is reversed and this matter is remanded for further proceedings.
On February 2,1978, Bell was paralyzed in a work-related accident and received worker’s compensation benefits from his employer, Ewing Timber, and its insurer, Silvey Companies, until his death on November 23, 1993. His widow filed a claim for death benefits under LSA-R.S. 23:1231 on September 19,1994.
At the time of Bell’s injury in 1978, 23:1231 provided:
For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident. [Emphasis ours.]
At the time of Bell’s death in 1993, 23:1231 had been amended by Act 431 of 1992. The act was effective June 19, 1992, and reads:
A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.
B. (1) If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the 1 ^accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
(2) However, if the employee leaves no legal dependents entitled to benefits under any state or federal compensation system, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases. [Emphasis ours.]
Generally, in worker’s compensation matters, the law in effect on the date of the worker’s injury is controlling. Mason v. Auto Convoy, 27,444 (La.App.2d Cir. 11/1/95), 662 So.2d 843, unit denied, 95-2905 (La. 2/2/96) 666 So.2d 1103. The rights and the duties of the parties are fixed according to the law in effect at the date of injury. Bruno v. Harbert International Inc., 593 So.2d 357 (La.1992).
In rejecting Mrs. Bell’s claim for death benefits, the hearing officer relied upon Bruno, supra. Bell died more than two years after his 1978 accident. Applying the former version of the statute in effect at the time of Bell’s accident, the WCHO found Mrs. Bell was not entitled to recover benefits and dismissed her case. On appeal, Bell’s widow contends that the WCHO should have applied LSA-R.S. 23:1231 as it read at the time of Bell’s death in 1993. She asserts that he had received treatment for injuries arising out of the 1978 accident within two years before his death. Therefore, she is entitled to recover death benefits under the statute. We agree.
In Estate of Williams v. Louisiana Office of Risk Management, 93-795 (La.App. 3d Cir. 3/2/94), 634 So.2d 1260, 1263-1264, writ denied, 94-0793 (La. 5/6/94), 637 So.2d 1054, LSA-R.S. 23:1231(A) was applied retroactively to award death benefits. Employed as a correction sergeant since 1986, Williams broke up a fight on May 6, 1987. He began having chest pains and was admitted Uto the hospital with a massive heart attack which *286 left him totally and permanently disabled as a result of a work-related injury. Williams never returned to work and the heart condition was inoperable. Therefore, he took medication and saw doctors. Williams had a second heart attack and died September 9, 1991. Williams received worker’s compensation benefits until his death. At the time of his death, the law provided benefits for death occurring within two years after the accident. On September 6, 1992, his spouse and heirs sought retroactive application of the death benefit provisions under LSA-R.S. 23:1231 as amended in 1992. In retroactively applying LSA-R.S. 23:1231, the court stated at page 1263:
The requirement of LSA-R.S. 23:1231 that death occur within a specified time does not stipulate the delay within which a right is to be executed and does not limit the time within which the cause of action expires. Rather, the statute creates a right of action itself and defines its existence with reference to a specific time period within which death of the worker must occur. Accordingly, we find that it is neither a prescriptive nor preemptive period. Rather, as stated in W. Malone & H.A. Johnson, Workers’ Compensation Law and Practice, Section 302 (La. Civ.L.Tr. vol. 14 1980), it is “a condition precedent to the accrual of the right of action for the dependents_”.
Thus, if the injured worker’s death occurred within two years of the accident, LSA-R.S. 23:1231 prior to the 1992 amendment, or within two years after the last treatment resulting from the work related accident, LSA-R.S. 23:1231 as amended in 1992, the employee’s dependents had a right of action for death benefits. (Citations omitted.) [Emphasis ours.]
In Tran v. Avondale Shipyards, Inc., 95-542 (La.App. 5th Cir. 11/15/95), 665 So.2d 507, the plaintiff sustained a work-related injury in 1985, but was not immediately disabled as a result of that accident. However, in 1986 the plaintiff received another injury and as a result became permanently and totally disabled, receiving benefits thereafter until his death on November 11, 1992. A claim for death benefits was filed by worker’s wife under LSA-R.S. 23:1231. The trial judge applied LSA-R.S. 23:1231 as it. read in 1985 in response to an exception of prescription filed by employer. Because the worker died more than two years after |sthe accident, the trial judge sustained the exception. The worker’s wife appealed arguing that the cause of action for death benefits occurs at the time of death rather than on the date of the accident, and because worker had received medical treatment for the work-related injuries within two years of the death, that the cause of action for death benefits still existed.
The Fifth Circuit agreed, reasoning:
“And this Court has previously held: Until the death of the worker, no cause of action exists in favor of those beneficiaries. Ponthierv. Insurance Co. Of North America, 522 So.2d 188 (La.App. 5th Cir.1988).
Plaintiffs in the instant case could not have instituted a cause of action for the death of Mr. Nguyen prior to the date on which he actually died. Therefore, their cause of action could not have prescribed in 1987 as the trial court found. Rather we agree, at least in part, with the analysis made by our brothers in the Third Circuit in Estate of Williams v. Louisiana Office of Risk Management, 93-795 (La.App. 3 Cir. 3/2/94), 634 So.2d 1260.”
The court determined that pursuant to the provisions of LSA-R.S. 23:1209, the applicable prescriptive period in which to file suit for the benefits was one year from the date of death.
We agree with the 3rd and 5th circuit panels that the provisions of LSA-R.S. 23:1231 create a cause of action for death benefits and “defines its existence with reference to a specific time period within which death of the worker must occur.” Estate of Williams, supra, at page 1263. The death of the worker is a condition precedent to the creation of the cause of action. Therefore, LSA-R.S. 23:1231 does not create a prescriptive period in which to file suit for death benefits. Rather, LSA-R.S. 23:1209 is the applicable prescriptive period in which suit must be filed after the cause of action for death benefits arises. Even though Bell *287 was injured in 1978, the cause of action for death benefits did not arise until his death on November 23,1993. On that date, LSA-R.S. 23:1231, as amended in |61992, was the applicable provision governing the existence of a cause of action for death benefits. Pursuant to those provisions, if Bell died within two years after the last treatment resulting from the 1978 accident, the cause of action for death benefits was available to Rachel Bell. Further, because the claim was filed within one year of the existence of the cause of action for death benefits, it has not prescribed.
The hearing officer’s judgment which found plaintiff had no right of action and a prescribed claim is reversed. The matter is remanded for further proceedings. Costs of the appeal are assessed to defendants.
REVERSED AND REMANDED.