809 So.2d 352 (2001)
Letell Menyoun Lee JONISE, widow of Derrick Dewayne Jonise
v.
BOLOGNA BROTHERS and The Louisiana Workers' Compensation Corporation.
No. 2000 CA 0485.
Court of Appeal of Louisiana, First Circuit.
September 28, 2001.
Rehearing Denied November 14, 2001.
Writ Denied March 8, 2002.
*353 Otha Curtis Nelson, Sr., Baton Rouge, Counsel for Plaintiff/Appellant Letell Menyoun Lee Jonise, widow of Derrick Dewayne Jonise.
Travis R. LeBleu, Baton Rouge, Counsel for Defendants/Appellees Bologna Brothers and the Louisiana Workers' Compensation Corporation.
Before: FITZSIMMONS, WEIMER, and DOWNING, JJ.
WEIMER, J.
Plaintiff, Letell Menyoun Lee Jonise, widow of Derrick Dewayne Jonise, appeals a judgment granting an exception of prescription filed on behalf of defendants, Bologna Brothers and the Louisiana Workers' Compensation Corporation. For the following reasons, we affirm.

FACTS AND PROCEDURAL BACKGROUND
Derrick Jonise was employed by Bologna Brothers. On July 30, 1998, while at work on a delivery truck in Hammond, Louisiana, he collapsed or passed out. He was transported to North Oak Hospital where he was pronounced dead on arrival. The East Baton Rouge Parish Coroner's Report indicated the date and time of death as July 30, 1998, at 4:03 p.m. The cause of death is listed as: "Respiratory Arrest, Status Asthmaticus, Bronchial Asthma."
On August 3, 1999, his widow filed a disputed claim for compensation requesting compensation benefits and seeking reimbursement for funeral expenses. The defendants filed a peremptory exception of prescription based on Louisiana Revised Statute 23:1209. The matter was scheduled for hearing before the workers' compensation judge on November 5, 1999. Following the hearing, the judge ruled in favor of the defendants and granted the exception. The judgment in conformity with the court's ruling was signed on November 10, 1999.
Plaintiff filed a motion to compel answers to interrogatories as well as an application for a new trial and in the alternative, a motion to reopen the case on November 10, 1999. On the same day, plaintiff also filed a request for findings of fact and written reasons for judgment. The judge denied the motion to compel with the notation, "Claim was dismissed pursuant to grant of exception of prescription." The motion for a new trial was "denied pursuant to La. R.S. *354 23:1310.5 A(2) and B." There was no response to the request for reasons.
Plaintiff appealed the judgment of the court listing as error the granting of the exception of prescription, the denial of the motion to compel and the denial of the motion for a new trial.

DISCUSSION
Appellant argues the judge erred in granting the exception of prescription filed by defendants. It is her contention that alternate dates for the beginning of the prescriptive period apply and, therefore, her claim was timely and not prescribed. Those dates relied on by plaintiff include August 28, 1998, the date the certificate of death was issued by the coroner; September 17, 1998, the date her attorney received a copy of the autopsy report; and November 5, 1999, the date her attorney first became aware the defendants' adjuster received medical records of decedent on November 13, 1998.
Louisiana Revised Statute 23:1209(A) provides in part:
"In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made."[1]
There is no question that Derrick Dewayne Jonise died on July 30, 1998. Under the provisions of section 1209(A), a claim for death benefits must be filed within one year of the death. The statute providing for death benefits within the workers' compensation provisions specifically states that the date of death is the critical date for determining whether death benefits are payable. Thus, the claim for benefits should have been filed on or prior to July 30, 1999, which was a Friday. The record reflects the claim was filed on Tuesday, August 3, 1999.
When a workers' compensation claim to recover benefits has prescribed on its face, the claimant has the burden of showing that prescription has been interrupted in some manner. Love v. East Jefferson General Hospital, 96-1558, p. 5 (La.App. 1 Cir. 5/9/97), 693 So.2d 1245, 1248; Brown v. Caddo Career Center, 28,111, p. 2 (La.App.2d Cir. 2/28/96), 669 So.2d 712, 714, writ denied, 96-1042 (5/31/96), 674 So.2d 262.
The applicable prescriptive period within which to file death benefit claims under workers' compensation law is either one year from the death of the employee or six months from the death when the death is from occupational disease. Tran v. Avondale Shipyards, Inc., 95-542, p. 7 (La.App. 5 Cir. 11/15/95), 665 So.2d 507, 510, writ denied, 95-2993 (3/8/96), 669 So.2d 406. Since the case before the court now did not involve a death from occupational disease, the date of death is the critical date for the running of prescription.
The provisions of LSA-R.S. 23:1209(A) make no reference to the employer's knowledge of the injury as having an effect on the time limits within which a claim for benefits must be made. Love, 96-1558 at 7, 693 So.2d at 1249.
Review of the record indicates plaintiff failed to prove the existence of a valid reason to alter the commencement date of the prescriptive period. Although plaintiff argued that a delay occurred in obtaining a death certificate and the autopsy report, ample time remained in which to file a claim for workers' compensation *355 death benefits after the death certificate and autopsy report were received. Plaintiff failed to prove any interruption of prescription or any action on the part of the employer or the insurer designed to lull her into a false sense of security regarding the filing of the claim.
In the present case, there were no letters written or statements made that an offer would be forthcoming. There were no settlement negotiations entered into before or after July 30, 1999, the end of the prescriptive period. There were no written or verbal statements made that the prescriptive period was waived. The only communication from the adjuster to the plaintiff, through her attorney, was a letter of August 28, 1998, asking for medical records, and stating that no determination could be made until LWCC received the medical documentation. There was no mention concerning any future offers or that prescription was waived. The plaintiff had the benefit of the services of an attorney. Given these facts, the filing of a timely suit would be the only way for the plaintiff to protect her interests if an adverse decision was made or a decision was not communicated timely. The plaintiff could not sit on her rights indefinitely. See Causby v. Perque Floor Covering, 97-1235, p. 6 (La.1/21/98), 707 So.2d 23, 26. The workers' compensation judge was correct in his ruling that the claim prescribed. This assignment lacks merit.
Plaintiff also assigned error to the decision of the workers' compensation judge to deny the request for a new trial. Hearing and appellate procedure for workers' compensation cases is provided in LSA-R.S. 23:1310.5 which specifically provides that "[m]otions for new trial shall not be entertained in disputes filed under this chapter." LSA-R.S. 23:1310.5(B). This assignment lacks merit.
Plaintiff's motion for appeal does not include the denial of the motion for discovery. That issue is not properly before this court.

CONCLUSION
For the above reasons, the decision of the workers' compensation judge granting defendants' exception of prescription is affirmed.
Costs of the appeal are assessed to appellant.
AFFIRMED.
DOWNING, J., agrees in part, dissents in part and assigns reasons.
FITZSIMMONS, J., concurs without reasons.
DOWNING, J., agreeing in part and dissenting in part.
The record in this matter reflects that Ms. Jonise is making two claims against Bologna Brothers: one for death benefits and one for burial expenses under La. R.S. 23:1210.[1] The claim for death benefits has prescribed for the reasons set forth eloquently above. The claim for burial expenses, however, has not.
In Lester v. Southern Casualty Insurance Company, 466 So.2d 25 (La.1985), the Louisiana Supreme Court determined that the prescriptive provisions of La. R.S. 23:1209 did not apply to claims for medical expenses. The Supreme Court found that that the "payments" referred to in the statute were compensation benefits, not *356 medical expenses. Lester, at 28. Particularly, the Supreme Court stated as follows:
[I]t is well settled that the provisions of the Worker's Compensation Law must be given a liberal interpretation in order to effectuate its beneficent purpose of relieving workmen of the economic burden of work-connected injuries by diffusing the cost in the channels of commerce. Construing "payments" as used in La.R.S. 23:1209 to include claims for medical expenses when such an interpretation is not indicated by the clear and unambiguous language of the statute would not be in accord with a liberal interpretation in favor of the injured employee.
For the foregoing reasons, we hold that the prescriptive provisions of La. R.S. 23:1209 do not apply to claims for medical expenses ... (Citations omitted.)
Lester, at 28.
The burial expenses afforded to workers under La. R.S. 23:1210 are not compensation benefits, so the one year prescriptive provisions of La. R.S. 23:1209 do not apply. Rather, the Lester court ruled that the ten year prescriptive period of former La. C.C. art. 3544, now La. C.C. art. 3499, controlled in claims for medical benefits. Accordingly, I conclude that the prescriptive period for claims for burial expenses under La. R.S. 23:1210 is ten years from the date of death.
I note that by Acts 1985, No. 926, § 1, effective January 1, 1986, the Legislature amended La. R.S. 23:1209 C, to provide as follows:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
While claims for medical benefits now must be agreed to or filed within one year of accident or death under this amendment, no such amendment has been made regarding burial expenses under La. R.S. 23:1210. Accordingly, I conclude that Ms. Jonise's claim for burial expenses has not prescribed and that this matter should be remanded for hearing on her entitlement to this benefit. In this regard, I dissent from the dismissal of her claim.
NOTES
[1] LSA-R.S. 23:1209 refers to "all claims for payments." (Emphasis added.) This language is sufficiently broad to cover both death benefits and burial expenses.
[1] La. R.S. 23:1210 provides as follows:

In every case of death, the employer shall pay or cause to be paid, in addition to any other benefits allowable under the provisions of this Part, reasonable expenses of the burial of the employee, not to exceed five thousand dollars.