820 So.2d 460 (2002)
Letell Menyoun Lee Jonise, widow of Derrick Dewayne JONISE
v.
BOLOGNA BROTHERS and The Louisiana Workers' Compensation Corporation.
No. 2001-C-3230.
Supreme Court of Louisiana.
June 21, 2002.
*461 Otha C. Nelson, Sr., Nelson & Nelson, Baton Rouge, Counsel for Applicant.
Lisa A. Murray, Counsel for Respondent.
KNOLL, Justice.[*]
The single issue in this workers' compensation case concerns prescription for death benefits and burial expenses. On July 30, 1998, Derrick Dewayne Jonise collapsed while working and was transported to a hospital and pronounced dead on arrival. On August 3, 1999, more than a year after his death, Letell Menyoun Lee Jonise, widow of Mr. Jonise, filed a disputed claim for compensation with the office of workers' compensation, requesting death benefits and reimbursement for burial expenses. In response, Bologna Brothers, decedent's employer, and Louisiana Workers' Compensation Corporation (LWCC), the employer's workers' compensation insurer (collectively defendants), filed an exception of prescription, asserting Ms. Jonise's claim for death benefits and her claim for burial expenses are prescribed pursuant to LSA-R.S. 23:1209(A). The workers' compensation judge granted defendants' exception of prescription and the court of appeal affirmed. Finding no error in the rulings below, we affirm.

FACTS AND PROCEDURAL HISTORY
Mr. Jonise was employed by Bologna Brothers as a delivery truck driver. On July 30, 1998, after exiting a delivery truck in Hammond, Louisiana, Mr. Jonise collapsed and passed out. He was then transported to North Oaks Medical Center and pronounced dead on arrival. The East Baton Rouge Parish Coroner's Report indicates the date and time of death as July 30, 1998, at 4:03 P.M. The report *462 also lists the cause of death as: "Respiratory Arrest, Status Asthmaticus, Bronchial Asthma."
On August 3, 1999, more than a year after Mr. Jonise died, Ms. Jonise filed a disputed claim for compensation with the office of workers' compensation, seeking death benefits and reimbursement for burial expenses totaling $7,891. In response, defendants filed an exception of prescription, asserting Ms. Jonise's claim for death benefits and her claim for burial expenses are prescribed pursuant to LSA-R.S. 23:1209(A). Following a hearing, the workers' compensation judge granted defendants' exception of prescription. The First Circuit affirmed. See Jonise v. Bologna Bros., 00-0485 (La.App. 1st Cir.09/28/01), 809 So.2d 352. We granted Ms. Jonise's writ application to consider whether a claim for burial expenses is governed by the one year prescriptive period provided by LSA-R.S. 23:1209(A). See Jonise v. Bologna Bros., 01-3230 (La.03/15/02), 811 So.2d 890.

DISCUSSION

Claim for Death Benefits
Ms. Jonise continues to argue her claim for death benefits is not prescribed. She maintains alternate dates for the beginning of the prescriptive period apply and thus her claim for death benefits was timely filed.[1] We disagree and find Ms. Jonise's claim for death benefits is prescribed for the reasons below.
LSA-R.S. 23:1231 through LSA-R.S. 23:1255 set forth the provisions relating to compensation for the death of an employee. Pursuant to LSA-R.S. 23:1231, death benefits are recoverable only if an employee's death occurs within two years of the last treatment resulting from the accident by personal injury or occupational disease upon which the claim is based.[2] This two year time period is neither a prescriptive nor peremptive period. Rather, it "is a condition precedent to the accrual of the right of action for the dependents." H. Alston Johnson, III, 14 Louisiana Civil Law Treatise, Workers' Compensation Law and Practice, § 302, at 6 (1994). Thus, if an employee's death occurs within two years of his or her last treatment resulting from the work related accident, the employee's dependents have a right of action for death benefits pursuant to LSA-R.S. 23:1231. See Tran v. Avondale Shipyards, Inc., 95-542 (La. App. 5th Cir.11/15/95), 665 So.2d 507; Estate of Bell v. Timber, 28,333 (La.App. 2nd Cir.05/08/96), 675 So.2d 284.
The prescriptive period for a dependant's claim for death benefits is generally provided by LSA-R.S. 23:1209(A) when the employee's death resulted from a personal injury by accident. This statute provides in part:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless *463 within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
LSA-R.S. 23:1209(A) requires that in order for a dependent to preserve his or her right to death benefits, he or she must enter into an agreement on such benefits with the decedent's employer or employer's workers' compensation insurer within at least a year of the employee's death or file a claim for such benefits with the office of workers' compensation within a year of the employee's accident which resulted in death. However, jurisprudential interpretation on this statute holds that a dependent has one year from the employee's death to file a claim for death benefits. While we have implicitly sanctioned this jurisprudence in our prior decisions, we now do so explicitly.
In Hoy v. T.S. Grayson Lumber Co., 15 La.App. 176, 130 So. 651 (La.App. 2nd Cir.1930), the court aptly stated why the general prescriptive period then in existence should be interpreted as providing that a dependent has one year from the employee's death, not accident, to file a claim for death benefits:
Counsel for defendant contends that plaintiffs action is barred under the letter of the law. His contention is that, in all cases where dependents were entitled to compensation under the act, they must bring their action for such within one year from the date of the accident, or be forever barred. We do not think so. To hold that, under section 31 of the act, suits by dependents are barred by one year from the date of the accident, would be in effect to hold that in some cases, at least, they could not recover at all. To illustrate: Suppose an employee received an injury in the course of his employment which produced death one hour before the expiration of one year. The act provides that dependents are entitled to compensation where death ensues within one year after the accident. In such cases, the dependent widow for the benefit of herself and minor children, if she had any, or the dependent mother, as the case may be, would have just one hour in which to bring suit or be "forever barred." Or to reduce the proposition to an absurdity, let us suppose that death occurred five minutes previous to the expiration of the year. In such case, it would be impossible for a widow or a mother to bring suit within one year. They would therefore have a right without a remedy. The act gives dependents a right and a remedy, and their remedy is to bring their action within one year from the date of the death and not from the date of the accident. Their cause of action arises, not from the accident itself, but from death, caused by the accident. They have no cause or right of action unless death ensues and none until then.
Id. at 651-52. In Martin v. Anheuser-Busch, Inc., 534 So.2d 4 (La.App. 4th Cir. 1988), the court made a similar observation. The court noted LSA-R.S. 23:1209(A) provides that a claim for death benefits prescribes one year after an employee's accident; however, LSA-R.S. 23:1231, as it then existed, permitted a dependent to file a claim for death benefits for up to two *464 years following the employee's accident resulting in death. When read pari materia, the court observed, in some cases these two statutes could lead to the anomalous result that a dependent's claim for death benefits is prescribed pursuant to LSA-R.S. 23:1209(A) before the claim comes into existence pursuant to LSA-R.S. 23:1231.[3] The court found such a result is absurd and illogical. Thus, in Martin, the court found, as the court did in Hoy, that a dependent has one year from the employee's death to file a claim for death benefits, notwithstanding the statute's reference to accident.
In keeping with this line of jurisprudence, we hold, when no agreement is reached between the parties on death benefits within at least a year of the employee's death and the employee's death resulted from a personal injury by accident, a claim for death benefits must be filed within one year of the employee's death or else it is prescribed pursuant to LSA-R.S. 23:1209(A). Our interpretation of LSA-R.S. 23:1209(A) is in accord with the consistent jurisprudence of the lower courts holding, e.g., Tran, supra; Estate of Bell, supra, and also properly furthers the beneficial purposes of the Workers' Compensation Act. Moreover, our interpretation is more consistent with the treatment of claims for death benefits when the employee's death resulted from an occupational disease. LSA-R.S. 23:1031.1(F), as amended by 2001 La. Acts 1189, § 1, provides that a dependent has one year from the date of the employee's death, or one year from the date the dependent has reasonable grounds to believe the employee's death resulted from an occupational disease, to file a claim for death benefits.[4]
In the present case, Ms. Jonise has never alleged that she and defendants entered into an agreement on death benefits. Thus, her claim for death benefits, which was filed on August 3, 1999, is prescribed on its face because it was filed more than a year after Mr. Jonise's death, which occurred on July 30, 1998. When a workers' compensation claim is prescribed on its face, the burden is upon the claimant to show the running of prescription was suspended or interrupted in some manner. See Causby v. Perque Floor Covering, 97-1235 (La.01/21/98), 707 So.2d 23, 25.
Ms. Jonise claims prescription was interrupted because she was lulled into a false sense of security by a August 28, 1998 letter written by a LWCC claims adjuster. In the letter, the adjuster requested Ms. Jonise execute several attached medical authorizations so LWCC could obtain Mr. Jonise's medical records. The letter also stated that no determination can be made at this time on the cause *465 of Mr. Jonise's death and whether compensation is properly due.
We find the August 28, 1998 letter in no way lulled Ms. Jonise into a false sense of security. The letter did not present any offers or waive prescription. The letter merely requested medical authorizations and indicated LWCC was investigating the cause of Mr. Jonise's death. Under these circumstances, we find prescription was not interrupted. Therefore, because Ms. Jonise filed her claim for death benefits more than a year after Mr. Jonise died and has failed to establish prescription was interrupted, we conclude her claim is prescribed pursuant to LSA-R.S. 23:1209(A).

Claim for Burial Expenses
Ms. Jonise further argues that, even if her claim for death benefits is prescribed, her claim for burial expenses, provided pursuant to LSA-R.S. 23:1210, is not.[5] She maintains the one year prescriptive period of LSA-R.S. 23:1209(A) is not applicable to claims for burial expenses because, in Lester v. Southern Casualty Insurance Company, 466 So.2d 25 (La. 1985), this court determined LSA-R.S. 23:1209(A)'s term "payments" refers to indemnity benefits. Thus, Ms. Jonise concludes, because a claim for burial expenses is not a claim for indemnity benefits, the one year prescriptive period provided by LSA-R.S. 23:1209(A) is not applicable to claims for burial expenses. Ms. Jonise urges us to find the ten year prescriptive period of LSA-C.C. art. 3499 applies to claims for burial expenses and thus her claim for burial expenses is not prescribed.[6]
On the other hand, defendants contend the one year prescriptive period of LSA-R.S. 23:1209(A) is applicable to claims for burial expenses. They maintain LSA-R.S. 23:1209(A)'s phrase "all claims for payments" is broad enough to include claims for burial expenses. They assert, in Lester, this court was concerned with applying the one year prescriptive period of LSA-R.S. 23:1209(A) to claims for medical expenses because a claimant's right to payment of such expenses could be extinguished by prescription before he or she has the opportunity to assert his or her claim. Defendants argue the policy concerns raised in Lester are not an issue in this case. They state burial expenses can only be incurred once, which is not the case with medical expenses. They also contend burial services are rendered within days of the decedent's death, which allows the survivors ample time to determine what burial expenses have accrued and to file a claim with the office of workers' compensation if such expenses are not properly paid in advance or reimbursed afterwards.
Defendants further state LSA-R.S. 23:1210 provides for the payment of burial expenses, "in addition to any other benefits allowable under the provisions of this Part." They assert, by equating the payment of burial expenses with other benefits allowable under Part II (Benefits), Subpart A (General Provisions), the legislature intended the one year prescriptive *466 period of LSA-R.S. 23:1209(A) to apply to claims for burial expenses, as it does to other benefits provided under Part II, Subpart A. Thus, defendants urge us to find, pursuant to the prescriptive period provided by LSA-R.S. 23:1209(A), a claimant seeking reimbursement for burial expenses has one year from the date of the decedent's death to file a claim for burial expenses. Thus, Ms. Jonise's claim for burial expenses, which was filed more than a year after Mr. Jonise's death, is prescribed.
We find defendants' interpretation of LSA-R.S. 23:1209(A) persuasive. We also agree that Lester is not controlling. In Lester, this court considered whether the prescriptive period of LSA-R.S. 23:1209(A) is applicable to claims for medical expenses.[7] In considering this issue, we observed, if the prescriptive period of LSA-R.S. 23:1209(A) were applied to claims for medical expenses, a claim for such expenses could be prescribed before he or she has the opportunity to assert the claim. In making this observation, the court stated:
One indication that the legislature did not intend La.R.S. 23:1209 to apply to claims for medical expenses is that under such an interpretation it would be possible for a disabled worker's claims for medical expenses to prescribe before he could assert them. The instant case is exemplary. Under La.R.S. 23:1203, liability for medical expenses arises only as they are incurred. A plaintiff is not entitled to an award for future medical expenses, but the right to claim such expenses is always reserved to the plaintiff. Lester received voluntary compensation payments for the maximum period of time allowed under La.R.S. 23:1221(2) at the time of the accident for an injury producing permanent total disability. He received his last medical payment on January 25, 1980, and his last compensation payment on February 23, 1980. Under Section 1209, Lester would then have "one year from the time of making the last payment" in which to assert a claim for medical expenses or his rights would prescribe. However, because he could not get an award for future medical expenses, those expenses incurred by him after one year from the last payment (in this case from August 10, 1981 to October 26, 1982) would prescribe before he could assert them.
Id. at 27 (citations omitted). Thus, finding that application of the prescriptive period of LSA-R.S. 23:1209(A) to claims for medical expenses could lead to absurd results, this court concluded the one year prescriptive period of LSA-R.S. 23:1209(A) does not apply to claims for medical expenses. Rather, the court held the ten year prescriptive period provided by former LSC.C. art. 3544, now LSA-C.C. art. 3499, applies to such claims.[8] Following Lester, the legislature amended LSA-R.S. 23:1209 by 1985 La. Acts 926, § 1, to provide a specific prescriptive period for claims for medical expenses in subsection (C).
We find the concerns this court had in Lester over the possibility that a *467 claimant could lose his right before he or she has the opportunity to exercise the right are not an issue in this case. Therefore, we hold LSA-R.S. 23:1209(A)'s phrase "all claims for payments" encompasses claims for burial expenses and thus a claimant seeking reimbursement for burial expenses pursuant to LSA-R.S. 23:1210 has one year from the date of the decedent's death to file a claim for burial expenses. This interpretation of LSA-R.S. 23:1209(A) fairly balances the right of the claimant to seek reimbursement and the employer's interest in finality. Accordingly, because Ms. Jonise filed her claim for burial expenses more than a year after Mr. Jonise died, we conclude her claim is prescribed pursuant to LSA-R.S. 23:1209(A).

DECREE
For the foregoing reasons, we affirm the granting of defendants' exception of prescription and find Ms. Jonise's claim for death benefits and her claim for burial expenses are prescribed pursuant to LSA-R.S. 23:1209(A).
AFFIRMED.
JOHNSON, J., concurs.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Associate Justice ad hoc, sitting for Associate Justice John L. Weimer, recused.
[1] The alternate dates Ms. Jonise relies on include August 28, 1998, the date the certificate of death was issued by the coroner; September 17, 1998, the date her attorney received a copy of the autopsy report; and November 5, 1999, the date her attorney first became aware LWCC's claims adjuster received decedent's medical records.
[2] At the time of Mr. Jonise's death, LSA-R.S. 23:1231(A) provided:

For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.
[3] Since Martin, LSA-R.S. 23:1231 was amended to permit a dependant to file a claim for death benefits for up to two years following an employee's "last treatment resulting from the accident." This amendment further underscores the potential for an anomalous result is some cases. Indeed, a claim for death benefits could conceivably be filed within two years of an employee's "last treatment resulting from the accident" and within a year of the employee's death, but arise out of an accident occurring more than a year prior to filing. In such a case, if LSA-R.S. 23:1209(A) were interpreted as written, the dependent's claim for death benefits would be prescribed before he or she has the opportunity to exercise his or her right.
[4] LSA-R.S. 23:1031.1(F) provides:

All claims for death arising from an occupational disease are barred unless the dependent or dependents as set out herein file a claim as provided in this Chapter within one year of the date of death of such employee or within one year of the date the claimant has reasonable grounds to believe that the death resulted from an occupational disease.
[5] At the time of Mr. Jonise's death, LSA-R.S. 23:1210 stated:

In every case of death, the employer shall pay or cause to be paid, in addition to any other benefits allowable under the provisions of this Part, reasonable expenses of the burial of the employee, not to exceed five thousand dollars.
The statute was amended by 2001 La. Acts 967, § 1, to provide, inter alia, for "reasonable expenses of the burial of the employee, not to exceed seven thousand five hundred dollars."
[6] LSA-C.C. art. 3499 states: "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."
[7] LSA-R.S. 23:1209, as it then existed, did not provide a separate prescriptive period for claims for medical expenses.
[8] In Lester, this court also reasoned LSA-R.S. 23:1209(A)'s term "payments" does not include medical benefits because LSA-R.S. 23:1221, which is referenced therein, concerns indemnity benefits. The court also stated "[c]onstruing `payments' as used in La. R.S. 23:1209 to include claims for medical expenses when such an interpretation is not indicated by the clear and unambiguous language of the statute would not be in accord with a liberal interpretation in favor of the injured employee." Id. at 28.